BLACK *v.* BAILEY.

Opinion delivered February 9, 1920.

</div>

1. WILLS—ESTATE CONVEYED.—A devise to the testator's children of the estate not otherwise disposed of, and, after expiration of a trusteeship, providing "that if any of my children should die before the expiration of the above trusteeship hereinbefore created leaving issue, said issue shall only take the share that should go to my child if living," vested a fee simple estate in the children, and not a contingent remainder in the grandchildren.

2. WILLS—LEGAL TITLE.—A will which provided merely that the trustee therein named should hold the property in trust with power and authority to manage and control same according to his best judgment for the use and benefit of the testator's children did not vest the legal title in the trustee.

3. WILLS—SPENDTHRIFT TRUST.—A will devising the residue of property to the testator's children subject to the control and management of one of them, named as trustee, until a certain grandchild attained his majority, or, if such grandchild died before such age, the trust to continue for ten years, *held* not to create a spendthrift trust.

4. WILLS—TERMINATION OF TRUST.—Where a testator devised the residue of his estate to his children subject to a trust for the purpose of management and control until a certain contingency, and conditions arose under which no profits could be realized without large expenditures for which no funds were provided, and the children were all *sui juris,* and the continuation of the trust would work a confiscation of the property or greatly burden it with incumbrances, the court will terminate the trust at the desire of all the beneficiaries.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland*, Chancellor; affirmed.

*Holland & Holland*, for appellants.

The chancellor erred in his findings of facts and conclusions of law. The trust was created for the benefit of the estate and not merely as a bounty for the children. Dr. Bailey had in mind at the time the trust was created the thought that real estate values in Fort Smith would enhance in value from year to year on account of well known public improvements contemplated. It was the intention of the testator to create a contingent remainder in the minor defendants by the language used in the seventh paragraph. Yet the trust should not be terminated on that account; to do so would be to disregard the purpose for which it was created, the benefit of the estate. The testator had the right to fix such reasonable restrictions and limitations governing the control and management of the estate, its duration and termination, as he deemed equitable and fair, and manifestly from the sixth paragraph he created a trust in the trustee to be held until the grandchild, William Bailey Black, arrived at maturity, and meant to postpone the full enjoyment of the bequest by the legatees to that day. The language can have no other meaning; it is direct and certain and contains no reservations, contingencies or exceptions for the earlier termination of the trust. No grounds for discontinuing the trust are shown, other than convenience and the saving of cost, and that is no reason for its termination. 229 U. S. '90. The decree should be reversed.

*T. P. Winchester, John H. Vaughan* and *Warner, Hardin & Warner*, for appellees.

No remainder estate was created by the will, but the intention was that the entire estate should vest in his children at his death. 104 Ark. 439-448; 15 N. E. 786. It was the clear intention of Dr. Bailey that his four children should receive an income from his estate for a period of years and then their distributive shares of the estate itself. The court properly terminated the trust,

as all parties (heirs) came into court and requested that the trust be terminated. The chancellor recognized the conditions and unforeseen circumstances and properly terminated the trust, as it was its duty to do, and the decree should be affirmed.

HUMPHREYS, J. This suit was instituted by appellee John Mayne Bailey, trustee in the will of Dr. W. W. Bailey, deceased, against the other appellees and appellants to terminate the trust provided by the will and to construe the will as vesting a fee simple title to certain real estate in Fort Smith in the petitioner and other appellees, the only children and heirs of Dr. W. W. Bailey, and not a contingent remainder in said real estate in appellants, the only grandchildren of said testator.

In substance, it was alleged in the bill that the will vested in appellees a fee simple title to said real estate, subject to a trust imposed upon John Mayne Bailey to manage and control same for the benefit of the appellees until the testator's grandson, William Bailey Black, attained to the age of twenty-one years, or, in the event he should die before attaining his majority, to continue the control and management of same for ten years thereafter, rendering to himself ten per cent. of the net income from the property for his compensation as trustee and the balance in equal parts, semi-annually, to himself and the other appellees; that, at the time of the death of the testator, a part of the real estate comprising the trust was producing considerable net income, but that the purposes of the trust had failed in that the property had not only ceased to pay any net income, but had failed to pay carrying expenses; that the property could not again be made self-sustaining and net-producing without an expenditure of large sums of money; that all the appellees were *sui juris*.

The other appellees answered, admitting all the allegations of the bill and joining with appellee, John Mayne Bailey, in his request for a construction of the will and termination of the trust.

Appellants, minors and the only grandchildren of the testator, after being properly summoned into court, filed answer by a duly appointed guardian *ad litem,* denying seriatim each material allegation of the bill and claiming an interest as contingent remaindermen in the real estate.

The cause was submitted to the court upon the pleadings, the will of Dr. W. W. Bailey and the evidence, upon which it was decreed that appellees took under the will an estate in fee simple in said real estate, and, being the owners of the beneficial as well as the legal title, this terminated the trust. From that decree an appeal has been prosecuted to this court.

Dr. W. W. Bailey was the owner of a large estate in Fort Smith. He died on September 15, 1913, being survived by the appellees, who were his only children and heirs. The appellants are his only grandchildren. On the 25th day of January, 1910, he executed his last will and testament, in which his son, John Mayne Bailey, was appointed executor, who probated the will and qualified as executor after the death of his father. Under his letters testamentary, he administered the will, and, upon final settlement, was discharged as executor. He continued to control and manage that portion of the estate placed in his care and control under the terms of the will until the present time. For a number of years, the property thus placed under his control in trust paid a net income, but thereafter not only ceased to pay a net income but was not self-sustaining, and, in order to make it a paying proposition, it would entail an expenditure of fifteen or twenty thousand dollars in the way of remodeling and repairing the rental property. No fund was provided under the will for such an expenditure. That portion of the will drawn in question for construction is designated by paragraphs 6 and 7, which are as follows:

Paragraph 6. ''It is my will and my intention that, after my funeral expense and the expenses of my last sickness and all my just and lawful debts, and the distribution of gifts above made to my children, who are all the children I have, that all the rest, residue and remainder

of my estate, which I may possess at the time of my death, both personal and real, except whatever interest I may have in the estate of my father, Joseph H. Bailey, shall be held in trust, by a trustee hereinafter named, until my grandchild, William Bailey Black, shall have become the age of twenty-one (21) years, my said estate, except whatever interest I may have in the estate of my father, Joseph H. Bailey, to be held in trust for the use and benefit of my children, Isabella M. Black, Kate T. Parker, William Worth Bailey, Jr., and John Mayne Bailey, they being all the children I have.

"If my said grandchild, William Bailey Black, should die before he attains the age of twenty-one years, then it is my will and intention, and I direct that said trust estate shall be extended for ten years after the death of said grandchild, provided he should die before he reaches the age of twenty-one years.

"It is my will and my intention, and I hereby appoint my dearly beloved son, John Mayne Bailey, as trustee of my estate, with full power and authority to handle, manage and control my estate as such trustee, as in his judgment may seem best, for the use and benefit of my children, Isabella M. Black, Kate T. Parker, William Worth Bailey, Jr., and John Mayne Bailey, and their heirs, it being my intention that my said trustee, John Mayne Bailey, shall divide the rents and profits equally among my heirs at law, Isabella M. Black, Kate T. Parker, William Worth Bailey, Jr., and John Mayne Bailey, or their heirs, semi-annually, etc."

Paragraph 7. "It is my will and intention and I do hereby give, devise and bequeath, at the expiration of the above and aforesaid trusteeship hereinbefore created, all of my estate, both real and personal, not hereinbefore disposed of, to my children, Isabella M. Black, Kate T. Parker, William Worth Bailey, Jr., and John Mayne Bailey, and to their heirs forever, share and share alike; provided that if any of my children should die before the expiration of the said trusteeship hereinbefore created,

leaving issue, said issue shall only take the share that would go to my child if living.''

We are unanimously agreed that the language used in neither paragraph warrants the conclusion that it was the intention of the testator to create a contingent remainder in the trust estate in the appellants. The only language pointed out as indicating such intention on the part of the testator is found in paragraph 7, and is as follows: ''Provided that if any of my children should die before the expiration of the above trusteeship hereinbefore created leaving issue, said issue shall only take the share that should go to my child if living.'' The language just quoted is nothing more than a direction that during the continuation of the trust and before the termination thereof, in the event one of the testator's children should die, his issue should inherit according to the law of descent and distribution. It was a mere declaration of law and not the expression of an intention to create a remainder interest in the grandchildren. It follows that by the will a fee simple title to the trust estate vested in the appellees, unless it can be ascertained from a reading of the two sections that it was the intention of the testator to vest the legal title to the trust estate in the trustee for the period of the trust. Had such intention been in the mind of the testator, it would have been very easy to vest the legal title in so many words in the trustee. Instead of doing so, paragraph 6 provided that the property in question should be held in trust by the trustee with power and authority to manage and control same according to his best judgment for the use and benefit of the testator's children, naming them. The trust was created for the purpose of control and management, and not for the purpose of temporarily vesting the legal title to the property. The only attempt to vest the title occurs in paragraph 7, in which paragraph the title was vested in the four children, John Mayne Bailey, William Worth Bailey, Isabella M. Black and Kate T. Parker. It is apparent from a reading of both paragraphs that not only the beneficial interest was intended

for the children by the creation of the trust, but that the title itself was to vest in his children and not in the testator's trustee. We think the proper interpretation of paragraphs 6 and 7, when read together, is that it was the intention of the testator to vest the entire estate in his children with a postponement of their right to enjoy the possession thereof in severalty for a period of years, towit: until the testator's grandchild, William Bailey Black, attained his majority, or, dying before attaining such age, for a period of ten years after his death.

There is no language or clause in the will to indicate that the purpose of the testator was to create a spendthrift trust. The only purpose seems to have been to hold the property intact for a period of years for the use and benefit of his children. It was producing a good income at the time of his death, and it was perhaps in his mind that it would continue to do so during the management and control thereof by his son, John Mayne Bailey. Conditions have arisen which were apparently not in the mind of the testator at the time he executed the will, or at the time of his death. No net profits can be realized on the property without very large expenditures, for which no fund was provided. No one, save the appellees, according to the interpretation placed upon the will by this court, has any interest in the property. They are all *sui juris*. A continuation of the trust will perhaps work a confiscation of the property, or, at least, greatly burden it with incumbrances. It was manifestly not the intention of the testator that the property should be thus consumed. The whole estate having vested in the appellees, and all desiring a termination of the trust, we see no good reason why it should not be terminated. Such doctrine was clearly announced in the case of *Booe* v. *Vinson*, 104 Ark. 439.

No error appearing, the decree is affirmed.

McCULLOCH, C. J. (dissenting). It seems clear to me from the language of the will that the legal title was conveyed to the trustee under paragraph 6, and that the

title was not intended to be vested in the *cestuis que trust* under paragraph 7 of the will until the period of the trust expired. It is provided in paragraph 6 that the property devised "shall be held in trust" by the trustee named, and that the trustee should have "full power and authority to handle, manage and control" the estate for the use and benefit of his four children named in the will, or their heirs. It is expressly provided in paragraph 7 that the devise over to the four children should take effect "at the expiration of the above and aforesaid trusteeship hereinbefore created."

The concluding portion of paragraph 7 unmistakably manifests the fact that, the testator being conscious of having devised the legal title in trust to the trustee mentioned, and having provided that the direct devise to his children in paragraph 7 should not take effect until the expiration of the trust, it was necessary to indicate the effect of the devise in the event of death of one of his children before the expiration of the trust. This language does not relate to the disposition of the property during the period of the trust, for nothing is said in paragraph 7 about the disposition of the property during that period. On the contrary, this language very plainly relates to the final disposition of the property at the expiation of the trust.

I am unable to discover any sound reason why the court should disregard the intention of the testator himself and break up a trust merely out of consideration of convenience. The creation and maintenance of such a trust does not offend against any established rule of law or any principle of equity, and there is no reason why the courts should set their judgment above the will of the testator. In dealing with this question in a similar case, the Supreme Court of the United States said: "Upon what principle, then, is a court of equity to control the trustee by compelling a premature payment? It is a settled principle that trustees having the power to exercise discretion will not be interefered with so long as they are

acting *bona fide.* To do so would be to substitute the discretion of the court for that of the trustee. Upon the same and even stronger grounds a court of equity will not undertake to control them in violation of the wishes of the testator. To do that would be to substitute the will of the chancellor for that of the testator." *Shelton* v. *King,* 229 U. S. 90.

This case does not fall within the decision in *Booe* v. *Vinson,* 104 Ark. 439. In that case the controlling fact was that the charitable bequest of the body of the estate after the expiration of the trust failed entirely and brought about a union of the beneficial estate under the trust and the remainder in fee, and this court decided that that was an unanticipated situation which would call for a judicial abrogation of the trust. In the present case there is no such situation presented, and the only change suggested is that the devised property had ceased to be remunerative. It is to be presumed that the testator himself took such contingencies into due consideration and elected to tie his estate up in a trust until the grandchild became twenty-one years of age. I am unable to discover any sound reason for the court interposing its powers to frustrate the design of the testator in this regard.

The logical result of this decision is that courts of equity are authorized to break up a trust at any time it is thought that the continuation thereof would result improvidently. This is a limitation upon the right of disposition of property which has not been heretofore declared by the lawmakers, and is not sanctioned by any line of authorities which have come to my attention. Mr. Justice SMITH concurs in this dissent.