## Winberg v. Camp Taylor Development Co., Inc., et al.

(Decided June 2, 1936.)

THOMAS W. BEALE for appellant.

ARTHUR C. GUNTHER and H. O. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Appellant, suing for himself and other minority stockholders in appellee corporation, brought this derivative action against the corporation and its officers and members of its board of directors, composed of H. L. Miller, president, C. O. Tice, vice president, and E. A. Kenzig, secretary-treasurer, to recover for the benefit of the corporation certain sums of money, funds of the corporation, which, he alleges, were unlawfully and illegally disbursed and spent by the defendant officers and board of directors.

The court sustained a demurrer to the petition, and plaintiff appeals.

Plaintiff's petition consists of numerous allegations set out in separately numbered paragraphs, the first of which contain preliminary matters, such as the organization and existence of the corporation, and that he sues for himself and other stockholders who desire to join with him; that the defendants H. L. Miller, C. O. Tice, and E. A. Kenzig are the president, vice president, and secretary-treasurer, respectively, of the corporation, and that they also constituted its board of directors.

Paragraph No. 7 reads as follows:

"That the Articles of Incorporation of the said Camp Taylor Development Company require that the salaries of all officers and agents of the Corporation shall be fixed by the Board of Directors; that the Board of Directors of the said Camp Taylor Development Company did not in 1930, 1931, 1932, 1933, 1934. or 1935, fix the salaries of any officer or agent in accordance with the Articles of Incorporation of the said Camp Taylor Development Company; that the defendant, H. L. Miller, did, beginning on or about September 1, 1930, and continuing until September 30, 1933, withdraw from the corporate funds of the said company the sum of $150.00 each month, and beginning October 1, 1933, and continuing until July 1, 1935, or the present time, withdraw from the corporate funds of the said company the sum of $200.00 each month, the total sum of said withdrawals amount to Nine Thousand Seven H u n d r e d and Fifty Dollars, ($9,750.00) all of which was done without authority and without appropriate action on the part of the Board of Directors of the said Company, and which was illegal and fraudulent and against the interest of the stockholders."

No copy of the articles of incorporation is filed with the petition in support of the allegation in respect of what is required of them, or any facts stated in support of the allegations that the sum of money alleged to have been withdrawn was done without authority or appropriate actions on the part of the board of directors, or that such act was illegal or fraudulent or against the interests of the stockholders. These allegations are mere conclusions and opinions of the pleader. It is the well-known rule that when a cause of ac-

tion or defense is founded upon a written document, such document or authenticated copies thereof must be filed with the pleading, if available, or if not, the pleader must state facts justifying his failure to produce them.

Paragraph No. 7, quoted above, is illustrative of other allegations which are subject to the same vice, and a mere reference to the substance of them is sufficient without reproducing them in full.

It is alleged that C. O. Tice and E. A. Kenzig withdrew certain sums of money from the corporate funds as salaries and for attendance at directors meetings, "without appropriate action on the part of the board of directors of the company and against the interest of the stockholders." It does not devolve upon the officer or director whose compensation is in question to prove that the compensation is fair, but the objecting stockholder must establish affirmatively that the salary or compensation is unreasonable, and these facts must be shown by the pleadings as well as the proof. Beha et al. v. Martin et al., 161 Ky. 838, 171 S. W. 393.

There are no facts stated showing what action was taken by the board of directors in appropriating the money, or the extent and nature of the services rendered by the officers and members of the board of directors, to enable the court to determine whether their action was proper or improper or the sums allowed were unreasonable.

It is further alleged that from October, 1933, to April, 1935, the defendant H. L. Miller illegally and fraudulently withdrew the sum of $1,650 from the corporate funds of the company, designated on the books as being "cash to H. L. Miller for use in office." This allegation comes within the same category as the one above. There are no facts stated showing the purposes for which the money was expended. It may have been applied to the payment of salaries of stenographers and/or bookkeepers, or the purchase of furniture and fixtures for the office, or other legitimate purposes, and the sums paid therefor may have been reasonable.

It is also alleged that Miller illegally and fraudulently withdrew from the corporate funds of the company the sum of $242.40 and paid same to the law firm

of Hagan & Hagan for legal services rendered by them in connection with certain litigation in the Jefferson circuit court, and to which litigation defendant corporation was not a party, nor interested in such litigation. But he does not set out the style of the suit, the subject-matter in litigation, purpose thereof, or other facts to enable the court to know or determine whether such litigation affected the rights of the defendant corporation, or whether the payment of the sum of money thus paid by it to the attorneys was improper.

It is further alleged that certain other small sums of corporate funds were paid by Miller to certain named persons, but these allegations, like the ones above, are also mere conclusions of the pleader.

A general allegation is made that all the acts of defendants as indicated above were beyond the authority conferred on them by the charter and/or by-laws of the company. But no copy of the by-laws is filed or plead, or other facts set out to enable the court to determine what the by-laws authorized or prohibited, or whether the acts of defendant were without authority, illegal, or fraudulent.

In Worden v. Kennedy, 246 Ky. 716, 56 S. W. (2d) 329, it is held that an allegation that a note was executed and delivered without consideration is overcome by allegations that it was executed and delivered for stock. We here have an analogous situation. Plaintiff alleges that the defendant officers or members of the board of directors illegally and fraudulently expended the corporate funds, but also alleged that the expenditures complained of were for salaries of officers and members of the board of directors, all of which were for legitimate purposes, but no facts are stated to support the pleader's conclusion that the funds were illegally or fraudulently expended. See, also, Grand Lodge of Kentucky v. First National Bank of Kentucky et al., 251 Ky. 189, 64 S. W. (2d) 474.

Plaintiff asked that the cause be referred to the commissioner of the court, and that the commissioner be directed to ascertain certain facts and report his findings to the court. The facts which he asked the commissioner to ascertain and report to the court are those which are necessary to be alleged to state a cause of action. Apparently plaintiff recognized the fact that he was

not possessed of necessary facts to enable him to state a cause of action, and asked the court, through its commissioner, to ascertain such facts for him. We know of no authority for such procedure.

The petition does not contain any definite prayer asking any specific relief or the recovery of any particular sums of money against the defendants separately or collectively. The concluding paragraph of the petition in part reads:

"That upon the coming of the Commissioner's report that he have judgment against the defendants, H. L. Miller, C. O. Tice, and E. A. Kenzig, individually, for such sums of money which were wrongfully and illegally withdrawn by them respectively, with interest from the date of each respective withdrawals; for a judgment against H. L. Miller, C. O. Tice and E. A. Kenzig, who constitute the Board of Directors of the said Company, for such sums of money that were withdrawn by K. L. Miller that were unauthorized, for the use and benefit of the Camp Taylor Development Company; for a temporary injunction against the defendants. * * *"

From a reading of the petition it is at once apparent that it consists of a series of conclusions and opinions of the pleader without supporting facts. While a demurrer admits facts properly pleaded, it does not admit conclusions of law or mere conclusion or opinions of the pleader.

The law presumes honesty and fair dealings between men, and when a recovery is sought upon an allegation of fraud or other unlawful act, the pleading must set out definitely what constitutes the alleged fraud or delinquency in duty in order that the defendant may have notice what he has to defend, and a mere allegation of fraud or other wrongful act without supporting facts is insufficient.

In the case of Parsons v. Arnold et al., 235 Ky. 600, 31 S. W. (2d) 928, the plaintiff alleged that a certain tax levy proposed by the fiscal court of Rockcastle county was illegal and unauthorized by the Constitution or laws of Kentucky. It was held that such allegations were insufficient. The court said:

"It will be noted that the petition goes no further

than to aver that the levy was illegal. No facts establishing such illegality are stated."

See, also, to the same effect, Begley v. Jones et al., 238 Ky. 239, 37 S. W. (2d) 44; Vandiver et al. v. B. B. Wilson & Co., 244 Ky. 601, 51 S. W. (2d) 899; Edward Brockhaus & Co. v. Gilson, 263 Ky. 509, 92 S. W. (2d) 830.

We conclude, therefore, that plaintiff's petition does not contain facts sufficient to state a cause of action, and the trial court properly sustained the demurrer thereto.

Appellee insists that there are other reasons why plaintiff cannot maintain this action, but since the ground discussed herein is alone sufficient to affirm the judgment, we express no opinion on other questions raised.

Judgment affirmed.