## Christian Church Widows and Orphans Home v. Louisville Gas & Electric Co.

March 22, 1940.

Churchill Humphrey, Judge.

Henry M. Johnson and Lucian L. Johnson for appellant.

Wilson W. Wyatt and Peter, Heyburn, Marshall & Wyatt for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Affirming.

The appellant, the Christian Church Widows and Orphans Home, the plaintiff below, will be referred to herein as the plaintiff, while the appellee, the Louisville Gas and Electric Company, will be referred to as the defendant.

The petition alleges the home for the widows and orphans, in which 156 persons reside, consists of a series of buildings joined together by connecting passages and hallways. It is further alleged in the petition:

> "That the rates for electric current which defendant, under its charter and under the law is permitted and obligated to charge consumers of such current for residential use during the 5 year period involved in this action are the rates set forth below, covering the periods indicated."

Then there is set out various rates for the several two year periods from March 1, 1934, to July 1, 1936, and from July 1, 1936, to Nov. 1, 1938. The petition then continues:

> "That during all the times involved in this action defendant was prohibited, under the law, from charging any higher rates for residential purposes than the rates indicated (above); * * * that the defendant agreed during all the times involved in this action to furnish electric current * * * for residential purposes and uses of such current in the City of Louisville at the rates above set out * * *; that said agreement was made for the use and benefit of all such consumers * * * including this plaintiff; * * * that defendant company erroneously billed said current at a higher rate than the rate set out above for residences during the period to which said rates apply; that plaintiff without any knowledge of said erroneous overcharging of plaintiff by defendant for electric current overpaid said bills as made out and rendered to plaintiff, * * * all of which amounts to a total of $1491.03 in overpayments and $198.18 in interest; * * * that during all the times herein mentioned plaintiff was incorrectly classified and billed by defendant, Louisville Gas & Electric Company, as a commercial user of electric current, instead of correctly classified and billed as a residential user of electric current by said defendant, which incorrect classification and billing by said defendant resulted in the overcharges herein set out."

It is thus seen the gravamen of plaintiff's petition is the contention that it was charged the commercial rate when it was entitled to the lesser residential rate. No exhibits are filed with the petition except a compilation of figures showing the amounts plaintiff paid every month, and the monthly amounts plaintiff claims are overcharges. Defendant filed a special demurrer

challenging the jurisdiction of the court, which was overruled; it then filed a general demurrer, which the court sustained. The plaintiff declined to plead further, whereupon, the chancellor dismissed its petition and this appeal followed.

From plaintiff's brief it appears this action was based upon certain ordinances passed by the City of Louisville which fixed gas and electric rates for the period from March 1, 1934, to November 1, 1938; but such ordinances are not invoked or relied upon in the petition. While plaintiff's brief refers to certain litigation in Federal Court, which we presume was between the city and the Louisville Gas and Electric Company concerning rates, the plaintiff argues that under Section 3952-13, Kentucky Statutes, the Public Service Commission had no jurisdiction over the company's rates until after the expiration of two years from the entry of a final order in that litigation, therefore the city ordinances regulated such rates during the period covered by this action; yet no mention is made in the petition of that litigation in Federal Court. The petition alleges plaintiff was wrongfully classified by the defendant as a commercial consumer and charged the commercial rate when it should have been classified by defendant as a residential consumer and charged the residential rate. The lower court was asked to hold plaintiff came under the latter classification and to adjudge it a recovery of $1491.03, which it had been overcharged by reason of the defendant wrongfully classifying it as a commercial consumer.

The petition is bad on the general demurrer filed by defendant. The action was based upon certain ordinances of the City of Louisville fixing rates and classifications; but as above noted such ordinances are not relied upon in the petition. The petition avers that the defendant "under its charter and under the law" is limited to certain rates, and it further avers that the defendant agreed for the use and benefit of its customers in the City of Louisville, including the plaintiff, that it would charge only such rates as are set out in the petition. But no place in the petition does plaintiff plead under what law the defendant is limited to the rates set out in the petition, that is, whether it is under city ordinances or under

the Public Utility Act of 1934, being Kentucky Statutes, Section 3952-1 to Section 3952-61, or how the law limits defendant to such rates. Nor does it plead the terms of the agreement which it alleged defendant made, or whether same was oral or written, or with whom defendant made it. The petition does not plead facts, but it contains merely the conclusions of the pleader, which conclusions are not admitted on the general demurrer. Therefore the petition states no cause of action and the general demurrer was properly sustained. Parsons v. Arnold, 235 Ky. 600, 31 S. W. (2d) 928; Lawrence Oil Corp. v. Metcalfe, 241 Ky. 353, 43 S. W. (2d) 986; Winberg v. Camp Taylor Development Co., 264 Ky. 612, 95 S. W. (2d) 261.

The judgment is affirmed.

Whole court sitting.