**SLAY v. DuBOSE et al.**

No. 5974.

Court of Civil Appeals of Texas. Texarkana.

Oct. 28, 1942.

Rehearing Denied Nov. 5, 1942.

C. C. Denman and R. A. McAlister, both of Nacogdoches, for appellant.

Norman, Stone & Norman, of Jacksonville, Shook & Shook, of Dallas, and A.

J. Thompson, of Nacogdoches, for appellees.

HALL, Justice.

Appellees, J. L. DuBose and E. B. Bailey, executors and trustees named in the last will of W. C. Davidson, deceased, instituted this suit in the District Court of Cherokee County for the purpose of having said court construe the provisions of said will, and especially paragraphs 5 and 6 of same, reading:

"5. I hereby desire and direct my executors and trustees to maintain my said estate, both personal and real property, for a period of ten years from my death and at the expiration of said ten years, then I hereby instruct my said executors or trustees to equally divide said estate and deliver same to my said nephews and nieces or their heirs, giving my nephews 40% of the estate and 60% to my nieces as directed by my said will.

"6. I hereby desire and direct my executors or trustees to prorate the income of said estate and pay to said heirs as directed in this will in the proportion as above named, allowing enough to maintain said property out of the revenue that said estate produces, said payment to be paid annually until the expiration of said period of ten years expires to the aforesaid heirs, said revenues shall be apportioned on the 40% and 60% basis as above stated."

It is the contention of appellees as shown by their pleadings that the will does not direct them to perform the ordinary duties of a trustee, that is, to buy and sell property, and invest and reinvest same in revenue-bearing securities. Appellees sought a construction of the will and codicil, first, so as to permit the executors and trustees at their discretion to invest and reinvest the estate in securities, buy and sell property so as to provide a revenue to be distributed by them to the beneficiaries named in the will during the ten-year period; and in the alternative, to permit the executors to immediately distribute the property to the beneficiaries.

Appellant, Oscar B. Slay, in his answer averred that paragraphs 5 and 6 of said will gave to the executors full power and authority under the direction of the probate court to hold said property, sell same, invest the proceeds and manage the estate for ten years after the death of W. C. Davidson, and appellant prayed that the will be so construed, but in the event the trial court should "nullify paragraph 5, then the entire will be nullified and the entire estate of W. C. Davidson pass to his heirs according to the law of descent and distribution."

Trial was to the court without a jury and resulted in judgment directing the executors to immediately distribute the estate to the said beneficiaries named in said will and codicil according to their said provisions.

Appellant's assignment of error No. 1 is: "The honorable trial court erred in his judgment wherein he instructed the executors, plaintiffs herein, to deliver to this appellant only the sum of $5.00, the executors having derived whatever powers they had from the provisions of the will, and one of the provisions of said will having been declared of no force and effect, and said provision being of the essence, such action had the effect of declaring the entire will void and said executors had no further authority to administer on said estate."

This assignment presents the controlling question advanced by appellant. Under the terms of the will appellant was to receive an equal share with the other nephews of W. C. Davidson, but the codicil provided that appellant was to receive only the sum of $5 from said estate. The will and codicil have been duly probated as the last will of W. C. Davidson although contested by appellant. Slay v. Dubose, Tex. Civ.App., 144 S.W.2d 594, writ refused. So the validity of the will and codicil is concluded by the above decision and is not an issue here. The present interest appellant has in the estate is the sum of $5. It is not shown by this record that his interest would be enlarged or diminished by the continuation of the full term of ten years, and while appellant may be a necessary party to the suit construing the will and codicil because of the $5 bequest to him, he has introduced no facts into this record showing that the judgment rendered by the trial court worked any injury to his rights in the estate as fixed by the will and codicil. Cousins v. Cousins, Tex.Civ.App., 42 S.W. 2d 1043, and authorities there cited. This assignment is overruled.

Moreover, appellant states in his brief that he made "no contest of the court's action in declaring the ten-year period void, but did contend and still contends that if the court declares that pro-

vision void, then the entire will fails and he inherits under the law of descent and distribution." As we understand this admission, the appellant made no complaint in the trial court and makes none here of that court's action in directing an immediate distribution of the estate to those named in the will and codicil. Under such admission, we would not be justified in reversing and rendering the judgment of the trial court as prayed for by appellant. After careful consideration of this record, we have concluded that the trial court's judgment finds ample support in the uncontradicted evidence contained therein. Black v. Bailey, 142 Ark. 201, 218 S.W. 210.

Appellant's other assignments are without merit and are overruled.

The judgment of the trial court is in all things affirmed.