## Searcy et al. v. Lawrenceburg Nat. Bank.

April 18, 1950.

Nolan Carter, Judge.

J. Pelham Johnston for appellants.

Stanley Trent for appellee.

JUDGE KNIGHT—Affirming.

Bertie Bond, who had never married, died testate a resident of Anderson County on December 30, 1931. By her will she disposed of a large estate but there is involved in this litigation only the property devised under the residuary clause valued at about $15,000. This clause reads as follows:

"The residue of my estate after all expenses are paid and the following bequests taken out, to be held in trust and the interest paid to James C. Bond his life time—at his death the same to be held by bank as a Hospital Fund—to be added to any other fund given to build a hospital in Lawrenceburg, Kentucky
Bequests—

| | |
|---|---|
| Ben Johnson | $1000 |
| Lucy Brown | $50.00 |
| Virgie Johnson—maid | $25.00 |

Bertie Bond"

James C. Bond, to whom the income from the trust set up in the above clause was payable, died on November 30, 1947, and therefore at that time the trust fund from which he had received the income became available for the charitable purpose set out in the clause above quoted, to-wit, to be held by Lawrenceburg National Bank Trustee, "as a hospital fund—to be added to any other fund given to build a hospital in Lawrenceburg, Ky."

This suit was brought by appellants, eighteen in number, heirs at law of decedent Bertie Bond, asking that the trust referred to in the residuary clause of her will be terminated and the fund be distributed among the heirs at law as their interest might appear. These interests as set out in the petition range from 1/6 interest to 1/60 interest to the various heirs, appellants herein.

The basis for the claim that the trust should be terminated and the money distributed as set out in appel-

lants' pleadings is that the hospital fund has failed for indefiniteness and impossibility of performance; that efforts have been made on more than one occasion to raise the necessary funds for the erection of a hospital in Lawrenceburg and these efforts have failed and pledges taken for that purpose have been returned to the donors; that no present efforts are being made to secure funds with which to build a hospital in Lawrenceburg and that it is apparent that it will be impossible to secure sufficient funds to erect such hospital.

A demurrer was sustained to the petition as amended and the petition was dismissed. Appellants prosecute this appeal from that judgment.

It is, as appellants contend, well settled that if the purposes for which a trust is created become impossible of accomplishment the trust will be terminated, Restatement of the Law—Trusts, Sec. 335, Scott on Trusts, Sec. 335. As it is expressed in 54 Am. Jur., Sec. 86, Trusts:

"The fact that performance of a trust becomes impossible is ground in a proper case for the termination of the trust. Thus, it is generally recognized that if the continuance of a trust becomes so pecuniarily profitless, expensive or hopeless as to result in a condition justifying the conclusion that the purposes of the trust are impossible of accomplishment, the trust may properly be terminated by an equity decree."

Where property is donated to a charity or a certain charitable purpose and that purpose fails or is abandoned, the property reverts to the donor or his heirs, Taylor v. Rogers, 130 Ky. 112, 112 S. W. 1105. But it is also true that where an instrument creating a charitable trust does not provide the conditions on which the trust estate will revert, it must be clearly shown that the trust cannot be performed before a reverter will be decreed. Charitable trusts are universally favored in law and mere delay in carrying out their objectives or temporary suspensions will never be allowed to defeat them, Scott-Lees Collegiate Institute v. Charles, 283 Ky. 234, 140 S. W. 2d 1060, and cases therein cited.

Applying these principles to the case at bar, we think it cannot be said that this trust has failed because of impossibility of accomplishment. Taking as true, as we must on demurrer, the allegations in the petition as

amended, that there have been two efforts to raise funds to add to this proposed gift, it does not follow that a third or even a fourth attempt may not be successful in raising an amount which, added to other funds that might be supplied by state and federal agencies, might be sufficient to build a hospital adequate for local needs. There is nothing in the record to show that all the possibilities of obtaining assistance under the provisions of the Hill-Burton Act, 42 U. S. C. A. sec. 291 et seq., have been exhausted. See Miller v. State Building Commission, 308 Ky. 249, 214 S. W. 2d 265. Nor is it shown in the record that local assistance might not be obtained under the provisions of KRS Chapter 216, to which the nucleus provided by this trust fund may be added. The testator made no restrictions or limitations as to the source of the fund to which her gift could be added. She did not say the remainder should be made up from popular subscriptions to the fund by others but simply said it was to be held as a hospital fund "to be added to any other fund given to build a hospital in Lawrenceburg." We treat as a mere conclusion of the pleader, and not as a statement of fact that must be admitted on demurrer, the statement in the amended petition "that it is apparent that it will be impossible to secure sufficient funds with which to build a hospital in Lawrenceburg." Although a demurrer admits facts properly pleaded, it does not admit mere conclusions or opinions of the pleader, Winberg v. Camp Taylor Development Co., 264 Ky. 612, 95 S. W. 2d 261.

As we read the record, we do not get the impression that the possibility of obtaining other funds to which this bequest may be added has been exhausted and we are not convinced that this trust must fail because of impossibility of accomplishment of the purposes for which it was given.

We think there must be a reasonable time allowed to work out a possible plan and we cannot say that the two years that have elapsed since this fund became available on the death of J. C. Bond is a reasonable time. What is a reasonable time must be determined by the facts in each case and no hard and fast rule can be fixed. In the case of Carlisle County v. Norris, 200 Ky. 338, 255 S. W. 1044, 38 A. L. R. 41, a tract of land had been conveyed to trustees for use as a cemetery and additional funds had been given to improve it for use as a

public burying ground. The public did not take to the idea and it remained open for ten years without a single body being interred there. This court held the trust had failed and allowed its reversion to the donor.

It may be that in time it can be shown that every possibility of erecting a hospital in Lawrenceburg has been exhausted and that this trust must for that reason fail in which event the funds provided for that purpose could be distributed to the then heirs at law. After a careful consideration of the case, we are of the opinion that such is not shown by the record at this time.

Wherefore the judgment is affirmed.