**In re DOWELL'S ESTATE.**
No. 35858.

Supreme Court of Oklahoma.
May 25, 1954.

LeRoy Powers, Oklahoma City, for appellant.

Moore & Fitzgerald, Stillwater, for appellee.

BLACKBIRD, Justice.

This is an appeal by Harold P. Blackstone, beneficiary of a testamentary trust, from a judgment of the district court of Payne County, Oklahoma, denying his petition and application to terminate the trust. The trust was created by the will of Fannie Dowell, mother of appellant by a former marriage. The will was executed May 20, 1946, and appellant was made the sole beneficiary under such trust.

The will, after directing payment of her just debts and funeral expenses, bequeaths and devises unto Harold Blackstone all of the rest and residue of her property real and personal in trust for a period of fifteen years except that he is to receive the income from the trust estate during the life of the trust and at the end of the fifteen years the entire estate is to be distributed to him and to become his without restrictions or limitations.

Edith M. Steinbach is nominated executrix and trustee under the will or in the alternative if she refuses to accept the appointment then the Stillwater National Bank is designated as trustee. Prior to the time the will was executed Fannie Dowell had been married to G. W. Dowell and thereafter and on the 7th day of May, 1946, obtained a divorce from him. Three days after the will was executed and on May 23,

1946, upon the written application and request of both parties the divorce decree was vacated and set aside and the case dismissed and the parties thereafter resumed the relation of husband and wife. Fannie Dowell was then in poor health and shortly after the divorce decree was set aside she entered a hospital at Stillwater, where she remained until June 6, 1946, when she died. Edith Steinbach refused to accept the appointment of executrix and trustee under the will and Mr. Dowell, surviving husband of decedent thereafter filed a petition for probate of the will and for his appointment as administrator with will annexed, renounced the will and elected to take under the law of succession as a forced heir of decedent.

The county court held the will invalid as to Mr. Dowell, surviving husband, but held it otherwise valid and appointed Mr. Dowell administrator with will annexed who proceeded to administer the estate and on January 20, 1947, filed his final account and petition to determine heirs, legatees and devisees of decedent and for distribution of the estate.

The administrator's report shows that he had on hand and belonging to the estate the following assets:

$4,594.84 balance cash on hand

A tract of land in Block 1, Selph's Addition to the City of Stillwater, Oklahoma,

and one-fourth undivided interest in an oil and gas lease upon 160 acres of land situated in Payne County.

The court found that Mr. Dowell, surviving husband of decedent, and Harold Blackstone, her son, constituted the only heirs, legatees and devisees of decedent and entered an order distributing the estate, one-half to the Stillwater National Bank, trustee, for the benefit of Harold Blackstone subject to the homestead interest in the husband to the tract of land lying in Stillwater which the court had theretofore set aside to him as his homestead, and one-half of the property was distributed to Mr. Dowell, surviving husband of decedent. No complaint is made as to this finding and order of distribution.

On February 28, 1952, Harold Blackstone, sole beneficiary of the trust, who was then 43 years of age, filed a petition and application in the district court for termination of the trust and as grounds therefor in substance alleges: The trust estate was created by the provisions of the will of Fannie Dowell, deceased, but was made and executed at a time when she was an unmarried woman; that she subsequently became a married woman and the will was by reason of such marriage revoked under the provisions of 84 O.S.1951 § 108, and that the purpose for which the trust was created has wholly failed and is impossible of accomplishment.

The trial court denied the application. Harold Blackstone, beneficiary of the trust, appeals and relies for reversal on several propositions. His first proposition is that the purported trust is and has been at all times a nullity for the reason that it was created by the will of Fannie Dowell which was executed by her when she was an unmarried woman, and that she thereafter entered into a marriage, thus revoking the will and the trust provisions contained therein. In support of this proposition he relies on 84 O.S.1951 § 108, which provides:

"A will executed by an unmarried woman is revoked by a subsequent marriage, and is not revived by the death of her husband."

However, in view of the further proposition raised by appellant we do not think it necessary to determine whether the resumption of the marital status between the parties after vacation of the divorce decree revoked the will.

In his second proposition appellant contends that the trust which testatrix intended to create by her will and the purpose of its creation have wholly failed and are not possible of accomplishment and the trust should therefore have been terminated and the corpus distributed to him. We think this contention meritorious.

At the time testatrix executed her will the divorce decree was still in force and effect and, under the terms of the will, if the status of the parties had not changed, Harold Blackstone, beneficiary of the trust,

would have taken the entire assets of the estate upon her death. However, after the divorce decree was vacated and the parties resumed their marital status the purpose for which the trust was created was in part destroyed. It is clear that it was the intention of testatrix in creating the trust provision of the will to provide an income for the beneficiary, Harold Blackstone, during the life of the trust and, upon the termination of the trust, that the estate was to be distributed to him. Since, however, the divorce decree has been vacated and set aside and the parties resumed the marital relation, it became impossible to comply with this provision of the trust because she had left a surviving husband upon her decease and he was entitled to have the homestead set aside to him during his life (thus depriving appellant of any income from the property) and to inherit one-half of the estate.

The evidence shows that there came into the hands of the trustee since the foundation of the trust the following assets:

Two $1,000.00 Series D. War Bonds. Series G Bonds in the sum of $700. Cash $2,531.00, $266.00 of which came from the sale of an undivided one-fourth interest in an oil and gas lease deeded to appellant in trust in and to 160 acres of land lying in Payne County.

One-half interest in the Stillwater tract of land subject to the homestead right of Mr. Dowell.

The evidence further shows that the only distribution of income that has been made to appellant since the formation of the trust consists of $125 given him on the 22nd day of January, 1952, and that the income from the trust does not exceed $67.50 a year. The trust officer of the bank testified that he did not know whether the income from the trust would be sufficient to pay a trustee fee for its administration; that it had not yet collected any fee but had made an application for a fee leaving the amount to be allowed to the discretion of the court. The amount allowed, if any, is not shown by the record.

The evidence shows that the income from the trust estate is not sufficient to pay the expense of administration and make any distribution whatever to appellant. Therefore, assuming without deciding the validity of the will, we think the evidence sufficient to establish that because of change of circumstances occurring since its execution creating the trust, the purposes for which the trust was created are impossible of accomplishment and therefore sufficient ground for its termination exists.

In 54 Am.Jur., Trusts, Sec. 86, it is said:

"The fact that the performance of a trust becomes impossible is ground in a proper case for the termination of the trust. Thus, it is generally recognized that if the continuance of a trust becomes so pecuniarily profitless, expensive, or hopeless as to result in a condition justifying the conclusion that the purposes of the trust are impossible of accomplishment, the trust may properly be terminated by an equity decree. If a trust is founded with the dominant purpose of producing income, or an eventual profit, and that purpose becomes unattainable, it would seem clear in reason, and is in fact clear upon the authorities, that a termination should ordinarily be ordered."

In Townsend v. Charles Schalkenbach Home for Boys, Inc., Wash., 205 P.2d 345, 346, the Supreme Court of Washington held:

"A trust will be terminated where its purposes become impossible of accomplishment or illegal, and where, by a change in circumstances, not anticipated by settlor, continuance of trust becomes so pecuniarily profitless, expensive, or hopeless as to result in a condition justifying conclusion that purposes of the trust are impossible of accomplishment."

See, also, Black v. Bailey, 142 Ark. 201, 218 S.W. 210; Thorne v. Thorne, 125 Md. 119, 93 A. 406; Donaldson v. Allen, 182 Mo. 626, 81 S.W. 1151; Searcy v. Lawrenceburg Nat. Bank, 312 Ky. 610, 611, 229 S.W. 2d 312.

Under the evidence and above authorities the court should have granted appellant's application to terminate the trust.

Reversed with directions to enter judgment in favor of appellant in accordance with the views herein expressed.

HALLEY, C. J., and CORN, DAVISON, ARNOLD and WILLIAMS, JJ., concur.

JOHNSON, V. C. J., and WELCH and O'NEAL, JJ., concur in result.