## McCarroll v. Falls.

### Opinion delivered May 21, 1917.

1. LIFE ESTATE—CUTTING TIMBER FOR SALE.—A life tenant can not cut timber solely for purpose of sale.
2. REMAINDERS—VESTED REMAINDER.—A will devised to S. A. K. "one-fourth of my real estate on the death of my said wife." By subsequent paragraphs in the will it was provided that if the testator's wife remarried that she should take a life estate in only one-half of his lands. *Held*, S. A. K. took a vested remainder under the will, and an interest which she could convey.

Appeal from Yell Chancery Court, Danville District; *Jordan Sellers*, Chancellor; affirmed.

*Wilson & Chambers* and *Carmichael, Brooks, Powers & Rector*, for appellants.

1. The whole will must be construed together to get the intention of the testator. 113 Ark. 500. By reading the whole will it will be found that the guiding influence in the mind of the testator was to keep the property in

the McCarroll family—the widow to hold for life or widowhood and the various devisees to take a contingent interest and not a vested interest.  Borland on Wills & Adm. 289.

2.  If there be a repugnancy in the provisions of a will the last controls.  Borland on Wills, etc., p. 300.; 113 Ark. 500; 126 Ga. 740, 56 S. E. 93; 77 Neb. 108; N. W. 979; 28 Ark. 102.  This is a rule of property now in this State.  Under clauses 10 and 14 read together a contingent remainder was created.  81 Ark. 480.

3.  All the clauses must be given some meaning, if possible.  None can be stricken out.  22 Ark. 570; Borland on Wills, etc., 298, 300.

4.  It must be presumed that the will was made for some purpose.  64 Ark. 351.

5.  The interest devised in sections 10 and 14 read together constitute a contingent remainder, and at the death of Mrs. Jennie McCarroll went to Vina Rogers, Delia Albright and Amanda Ford, children of Sarah E. Kelley.  2 Jarman on Wills, p. 459; Words & Phrases., "If," citing 33 Conn. 281-6; 39 Atl. 968; 185 Pa. 359; 64 Am. St. 654-6.  The case in 92 N. W. 71 is directly in point.  101 N. W. 199; 69 Ark. 319.  The word "heirs" is not necessary to create an estate of inheritance.  94 Ark. 615.  Sarah E. Kelley would take nothing unless she were alive at the death of the life tenant.  44 Ark. 458.  See 47 Ark. 117, 458; 49 *Id.* 129; 67 *Id.* 521; 77 *Id.* 338; 75 *Id.* 21; 98 *Id.* 573; 214 Fed. 935; 83 *Id.* 554; 90 *Id.* 152; 104 *Id.* 439.  There never was seizin in Sarah E. Kelley, and hence no vesting of any estate.  88 Ark. 468.

6.  The interveners are not estopped by the  fact that they received part of the money paid by Falls and Montgomery.  51 Ark. 62.  Title does not pass by estoppel, but must be by conveyance in writing.

7.  The cutting of timber was not waste.  95 Ark. 246.

*John M. Parker* and *Moore, Smith, Moore & Trieber,* for appellees.

1. The cases cited herein and the unquestionable weight of authority is; courts will hold the remainder to be vested, if it can be done without violation of the plain intention of the testator. A provision that at or after the death of a life-taker that the property shall go to, or pass to another, is not taken to indicate an intention to postpone the vesting of the estate in the remainder-man to the death of the first taker—the intention is merely to postpone the possession and enjoyment. A vested remainder was created. 28 A. & E. Enc. Law (1 ed.) 339, 442; 101 N. Y. 195; 72 Ark. 298; Kirby's Digest, § 733; 104 Ark. 448; 2 Jarman on Wills (5 Am. ed.) 406, 410, note; 90 Ark. 155; 104 Ark. 439; 41 N. E. 535; 52 N. E. 934; 132 N. W. 809; 113 U. S. 380; 43 S. W. 677; 68 *Id.* 421; 106 Mass. 578; 28 Barb. 432; 4 Sandf. 36; 62 S. E. 712; 91 N. E. 1010; 92 *Id.* 616, 619.

2. There is no estoppel.

3. Defendants are liable for waste. 95 Ark. 246.

Smith, J. James McCarroll died seized and possessed of the lands which form the subject-matter of this litigation. The lands were disposed of by him under a will which contained the following provisions:

"Ninth. I hereby devise, give and bequeath unto R. G. McCarroll and R. E. McCarroll, my nephews, and E. J. Keathley, my niece, jointly, one-fourth of my real estate after the death of said wife.

"Tenth. I hereby give, devise and bequeath to Sarah A. Kelley, my sister, one-fourth of my real estate on the death of my said wife.

"Eleventh. I hereby give, devise and bequeath to Dorcas L. Albright, my sister, one-fourth of my real estate after the death of my said wife.

"Twelfth. I hereby give, devise and bequeath to John M. McCarroll and W. S. McCarroll, my nephews,

and Ada Clement, my niece, jointly, one-fourth of my real estate after the death of my said wife.

"Fourteenth. If at the time of the death of my said wife, either of sisters, nephews or nieces shall be dead, then it is my will that the share herein devised to such one shall descend to his or her legal heirs in the same manner as if he or she had been living at said time.

"Fifteenth. In case of remarriage of my said wife, Jennie McCarroll, then it is my will, and I hereby devise, give and bequeath to my said wife, Jennie McCarroll, an undivided one-half of the real estate of which I may die possessed; the lots ordered to be sold and the land directed to be deeded away, except to be held, used, rented and enjoyed by her from the date of her marriage until her death, and that the other undivided interest shall then be vested in my sisters, nephews and nieces the same as is directed in case of the death of my said wife."

Mrs. Sarah E. Kelley conveyed her undivided fourth interest in the lands to appellees, Falls and Montgomery, who also purchased from another devisee an undivided one-twelfth interest. Falls and Montgomery instituted this suit by filing a complaint in which they alleged their ownership of the interests stated, and further alleged that other devisees had contracted to sell, and had sold, a large amount of timber growing on said land, and that the same was being cut and removed without their consent and to their great damage. There was a prayer for an injunction and an accounting.

The devisees named as defendants filed an answer in which they admitted cutting the timber, but alleged they had done so under a contract with Mrs. McCarroll, the life tenant, whereby they were authorized and directed to use such timber as was necessary to make improvements on the place, and that the timber had been cut and removed for this purpose, and that the timber so cut and removed was insufficient to reimburse them for the improvements made upon the land, and that the cutting of the timber was in keeping with good husbandry.

An intervention was filed by the children of Sarah E. Kelley, who alleged the death of their ancestor since the institution of the suit and in the lifetime of Jennie McCarroll, the widow of the testator. These interveners alleged their ownership of the interest bequeathed to Mrs. Kelley under paragraph 10 of the bill. Other defendants filed an answer and cross-complaint putting in issue the questions here to be decided.

The court found that the widow had a life estate in all the lands, and that the persons named in paragraphs 9, 10, 11 and 12 had vested remainders in the interests there devised, and found specifically that Mrs. Kelley had a vested remainder in an undivided one-fourth interest, and that this interest which had been conveyed to Falls and Montgomery, together with another interest which they had also bought, gave them each an undivided one-sixth interest in the land, and that as the widow had died since the institution of the suit they had this one-sixth interest each in fee, and were entitled to all the benefits incident to such an estate.

There was a finding that the defendants had committed waste to the amount of $800 by selling and removing timber, but that they were entitled to a credit of $50 for clearing land, and judgment was rendered for this amount, and a partition of the land was also ordered.

(1) The finding of the court below upon the subject of waste is attacked upon the ground that it is against the preponderance of the evidence. But, without setting out this evidence, which involves the question of the relative value of the land with the timber on it, and with the timber removed, we announce our conclusion to be that the finding of the court below is not clearly against the preponderance of the evidence and that most of the timber was cut for mere purpose of sale. This right the life tenant herself would not have had. *Rutherford* v. *Wilson*, 95 Ark. 246.

(2) The real question in the case is whether Mrs. Kelley took a vested, or a contingent, remainder under

the will of McCarroll, and in the elucidation of this question counsel on both sides have filed briefs evincing much research and learning, and the discussion of this question will dispose of the real point at issue.

The subject of remainders has been a favored one with the annotators, and in the selected cases on this subject there can be found citations to more than enough cases to furnish one a summer's reading, and an attempt to review these cases would be a work of supererogation, "an affectation of learning." We shall content ourselves with a statement of our construction of this will and the reasons leading to the conclusion announced.

In the case of *Booe* v. *Vinson,* 104 Ark. 439, 448, it was said:

"It is also a well established principle that the law favors the vesting of estates, and, in the absence of a contrary intention of the testator appearing from the will, the estate will vest at the time of his death, and, if a will is susceptible of a dual construction, by one of which the estate becomes vested and by the other it remains contingent, the construction which vests the estate will be adopted. *Wilce* v. *Van Anden,* 94 N. E. 42; *Barker* v. *Barker,* 135 S. W. 396; *McKinley* v. *Martin,* 75 Atl. 734; *Van Denson* v. *Van Denson,* 122 N. Y. Supp. 718, 133 App. Div. 357."

We must hold, therefore, that paragraph 10 of this will gave Mrs. Kelley a vested remainder to an undivided one-fourth interest, unless the will, when considered as a whole, makes it plain that such was not the testator's intention.

We do not agree with learned counsel for appellant that the testator's "main concern was about his nephews and nieces, rather than about his brothers and sisters," for the name of no nephew and niece is mentioned except where their parents were dead and they were given the interest which the parents would have taken had they been alive.

Paragraphs 9, 10, 11 and 12, which each disposed of a fourth interest, do so in the present tense, and employ language so perfectly plain that no doubt could arise as to their meaning when read alone, and if any doubt exists it must arise out of language employed in the subsequent paragraphs of the will, and this, learned counsel for appellants say, is the effect of the fourteenth paragraph.

But we think this fourteenth paragraph does not limit the estate conveyed in the tenth paragraph. The testator had in mind that he had given a vested interest under paragraphs 9, 10, 11 and 12, for, by this fourteenth paragraph he provided that the interest so disposed of should *descend,* not to the testator's heirs, but to the legal heirs of the prior takers "in the same manner as if he or she had been living at said time."

The case of *Archer* v. *Jacobs,* 125 Iowa 467, 101 N. W. 195, is a splendidly considered case, on facts very similar to those of the instant case. It was there said (to quote from the syllabus):

"2. A remainder is contingent where the right of the remainderman to succeed to the possession and enjoyment of the estate depends upon some contingency which may never arise, or where the person who is entitled to succeed to the possession and enjoyment at the termination of the life tenancy is not, and may never be, ascertained, or is not in being. In general, it is the present capacity of taking effect in possession, if the possession becomes vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder."

It was there further said:

"4. The uncertainty whether a remainderman will outlive the life tenancy and come into actual possession does not make the remainder contingent."

A leading case on this subject, and one cited in many of the cases which have been annotated, is that of *Haw-*

*ley & King* v. *James,* 5 Paige, Chancery Reports (N. Y.) 318. That opinion is a treatise of the greatest learning, and on page 466 of the opinion it is said:

"A remainder is vested in interest where the person is in being and ascertained, who will, if he lives, have an absolute and immediate right to the possession of the land upon the ceasing or failure of all the precedent estates, provided the estate limited to him by the remainder shall so long continue. In other words, where the remainderman's right to an estate in possession can not be defeated by third persons, or contingent events, or by the failure of a condition precedent, if he lives, and the estate limited to him by way of remainder continues, till all the precedent estates are determined, his remainder is vested in interest."

Here the interest given to Mrs. Kelley vested at the same instant and by the same grant as the life estate to the widow, and, although her right to the enjoyment of the possession of this interest was postponed until the termination of the life estate, still this right, upon the termination of the prior particular estate, was presently fixed, and was in no wise dependent upon the happening of any event.

We think it clear, when paragraphs 9, 14 and 15 are read together, that it was the intention of the testator that his widow should have the entire estate for her life if she remained unmarried, but should have only one-half thereof if she remarried. But this event did not affect the interest of any remainderman; it only affected the time at which they would take the portion of the estate given them. There was no uncertainty about the remaindermen, or the interest they would take. Mrs. Kelley's possession was postponed only that the widow might enjoy the life estate, but under this will she, and not another, was entitled to the possession of the property described in paragraph No. 10 upon the death of the widow, and there was no contingency which could defeat her right to the interest given her by paragraph 10

in the event she survived the life tenant. Her interest was, therefore, a vested one, and was, therefore, one which she had the right to convey.

We think the will was correctly construed by the court below, and the decree so construing said will is affirmed.