## ROGERS *v.* ROBERTSON.

## Opinion delivered February 9, 1920.

1. APPEAL AND ERROR—INSTRUCTION—HARMLESS ERROR.—Where defendant's pleadings admitted execution of the contract sued on, an instruction that plaintiff had the burden of proving the contract was harmless error though the contract was admitted where the court further instructed the jury as to such admission.

2. TRIAL — INSTRUCTION — GENERAL OBJECTION.—An instruction containing a slight ambiguity should be objected to specifically.

3. TRIAL—INSTRUCTION—GENERAL OBJECTION.—An objection to an instruction in that it uses a word improperly or inexactly should be pointed out specifically.

4. SALES—INSTRUCTION.—In an action by buyer for breach of a contract to sell hay where the seller claimed that the buyer did not order delivery within reasonable time and broke the contract, an instruction that if the parties made any changes in the written contract by telephone conversations the jury should determine what changes were made, and then apply the rules of law to the changes, was not abstract, there being evidence as to numerous telephone conversations relative to the contract.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*Andrew I. Roland* and *Cooper Thweatt,* for appellant.

The court erred in giving the three instructions on its own motion. The court in effect instructed the jury that appellant Rogers did fail to order out the cars and this was erroneous and greatly prejudicial. There is no evidence that any changes were made in the written contract by telephone or otherwise, but if so there was no new consideration for such change. 112 Ark. 165-223.

*L. P. Biggs,* for appellee.

1. The instructions complained of are not properly in the record, as they are omitted in the bill of exceptions. 94 Ark. 147; 102 *Id.* 143.

2. But if given they are not abstract nor prejudicial and they were only objected to generally and not specifically. 2 Jones on Ev., p. 8; 110 Ark. 117; 118 *Id.* 72; 76 *Id.* 348; 105 *Id.* 157; 86 *Id.* 103.

HUMPHREYS, J.  Appellant instituted suit against appellee in the Southern District of the Prairie Circuit Court to recover $812.50 damages for failure to ship him thirteen cars of No. 1 hay at $13.50 per ton. f. o. b. appellee's loading track at Screeton, Arkansas, as per an alleged contract of date July 5, 1917.

Appellee answered, denying all the material allegations of the complaint and filed a cross-complaint, alleging that, on June 26, 1917, he entered into a contract with appellant to sell him ten car loads of No. 1 hay at $13.50 per ton, f. o. b. Screeton, Arkansas, and on July 2, 1917, sold him an additional five cars on like terms; that appellant ordered out two cars, but failed and refused to order out or accept the other thirteen until after the expiration of the contract, to appellee's damage in the sum of $455, for which he asked judgment against appellant.

Appellant answered the cross-bill, admitting the execution of the contract at the time alleged by appellee, but denying that more than two cars were to be shipped immediately, and affirming that thirteen cars were to be held subject to his order; that he thereafter ordered them shipped before the expiration of the contract, but shipment was refused; and denied that appellee was damaged in any sum by reason of his failure to order or accept the hay, as alleged in the cross-bill.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment against appellant in the sum of $195, from which judgment an appeal has been duly prosecuted to this court.

The negotiations for the sale and purchase of the hay in question began by telephonic communication, which was confirmed and completed by letters of date June 26, July 2, July 5, July 9, all in the year 1917. The contract, as disclosed by the letters, constituted a sale and purchase at $13.50 per ton of fifteen cars of hay f. o. b. Screeton, Arkansas—two for immediate shipment and thirteen for shipment subject to the order of appellant, which, according to the construction of this court, meant,

to be shipped under the order of appellant within a reasonable time from the date of the contract, otherwise the contract would lack mutuality to support it.

There was a gradual decline in the value of hay after the execution of the contract until some time in September, after which time the value increased gradually until it reached a maximum value of $28.50 in November or December of the same year.

The additional evidence of appellee tended to show that he urged appellant to order the hay shipped from time to time until October, both over the telephone and by correspondence, but was unable to prevail upon him to take it; that from thirty days to six weeks was a reasonable time to hold hay subject to shipping orders; that appellant, when pressed, refused to accept the hay, and advised him to sell it at Screeton.

The additional evidence of appellant tended to show that no request was made for him to accept or order the hay shipped at any time after the execution of the contract; that he never consented for, nor directed, appellee to sell the hay at Screeton; that in October and November he ordered the hay shipped from time to time, but failed to secure any shipments or receive any explanation for a failure to ship.

The court instructed the jury upon its own motion, without numbering the several instructions, but, according to the subject-matter covered, the parties have divided and discussed them as three separate instructions. The objections and exceptions to the instructions, as shown by the perfected bill of exceptions, are severally and separately to each instruction.

It is insisted that the court committed reversible error in giving the first instruction, because it placed the burden upon appellant to establish the execution of the contract, when the execution thereof was admitted under the pleadings. No prejudice could have resulted to appellant on this account, because the court further on in the same instruction advised the jury that appellee, in his answer and cross-bill, admitted the execution of the

contract. This was tantamount to instructing that the burden imposed upon the appellant had been met by the admission of appellee.

Again, it is insisted that the court took one of the vital issues of fact from the jury in the wording of the second instruction given for which the cause should be reversed. The instruction is as follows: "If you find from the evidence that the defendant (referring to appellee) did not violate this contract, that he was ready and willing at all times to meet its terms and conditions, and was prevented from doing so by the failure on the part of Mr. Rogers to order out the cars; and that hay declined in the market below the price for which the hay was sold with the time within which plaintiff Rogers had to order out the hay, then your verdict should be for the defendant."

We think a fair construction of the language challenged as erroneous is that if the jury should find that Mr. Rogers failed to order out the cars under the terms and conditions of the contract and appellee himself was ready and willing to ship the hay at all times and had not violated the contract, then they should find for appellee. The most that can be contended for is that there is a slight ambiguity in the instruction which should have been pointed out to the court by a specific objection, which was not done. Only a general objection was made to the instruction.

Lastly, it is insisted that the court committed reversible error in giving the third instruction to the jury, which is as follows: "I will say further, gentlemen of the jury, if you find by a preponderance of the testimony that these parties made any changes in the written contract by telephone communication, then it is your duty to say as to what changes, if any there be made, and then apply the rules of law as given you by the court to any such changed condition of the contract made over the telephone, if you find such changes made. The burden of proving any changes of the contract made over the tele-

phone is upon the defendant, and that by a preponderance of the testimony.''

The alleged error contended for in the instruction is that it was abstract; that there was no evidence offered on either side tending to show a change in the written contract by telephonic communications. Under the terms of the original contract, no time being specified for the shipment of the hay, appellant had a reasonable time in which to order it shipped. There was evidence tending to show that, after the execution of the contract, appellee called appellant over the phone several times, insisting that he take the hay; that appellant answered on one occasion that his customers were building a warehouse and not yet in shape to take it, and on another occasion that he did not know whether he would take the hay. By the use of the word "change" in the instruction, the court evidently had in mind the issue of when and whether the contract was breached by appellant in failing to order the hay shipped, as relating to the amount of damages in case the contract was breached. It appeared from the evidence that hay varied in price at different times subsequent to the execution of the contract. So the time of breach, if one occurred, was material in determining the amount of damages occasioned on account of such breach. In this sense, the instruction was not abstract. If the word "change" was inaptly used by the court, attention should have been called to the fact by a specific, and not a general, objection.

No error appearing in the record, the judgment is affirmed.