## McKinney v. Dillard & Coffin Company.

### Opinion delivered April 19, 1926.

Will—vested remainder—partition.—Under a will which devised lands to testator's daughter during her natural life, and at her death to her children in equal portions, and provided that if, at the daughter's death, any of her children be dead, leaving children, then such child or children are to have the same interest in the lands that the parent would have had if alive, *held* that the remainder vested in the daughter's children as soon as born and before the daughter died, and a decree of partition among such children during the daughter's life was valid.

Appeal from Crittenden Chancery Court; *J. M. Futrell*, Chancellor; affirmed.

*G. T. Fitzhugh*, for appellant.

*R. V. Wheeler* and *Hughes & Hughes*, for appellee.

Humphreys, J. Two actions were commenced in the chancery court of Crittenden County, one by appellees to foreclose certain mortgages given them by appellants upon lands in said county, the other by appellants attacking the validity of the mortgages. The issue joined by the pleadings in each case was whether appellants owned a mortgageable interest in the real estate. Appellants alleged that they owned a contingent remainder therein, not subject to mortgage, and appellees asserted that their interest as remaindermen vested with the life estate of their mother, Mrs. Mary B. McKinney, daughter of Mrs. Martha A. Beattie, who willed whatever interest appellants owned in the lands to them. The two causes were consolidated, and demurrers were sustained to the several pleadings of appellants; and, upon their refusal to plead further, the court rendered decrees of foreclosure, from which is this appeal.

The pleadings disclosed that Mrs. Beattie, the owner of the land at the time of her death in 1897, made her last will and testament in 1886, which contained the following provision: "I give to my daughter, Mary B. McKinney, during her natural life, the following described tracts, * * * and at her death I give and

devise the same lands to her children in equal portions; and if, at the time of Mary B. McKinney's death, any of her children be dead, leaving children, then such child or children is to have the same interest in said lands that said parent would have had, if alive." At the time of Mrs. Beattie's death Mrs. McKinney had six children; Mattie, aged 15; Charles, aged 12; Mary, aged 9; J. M., aged 7; Coby, aged 5; and Madison, who died in 1906 leaving a wife and two children. In 1917 the land was divided under a decree of the chancery court. Mrs. McKinney consented to the partition, and all of her children and the children of Madison were parties to the suit. Commissioners were appointed, who divided the land in kind according to the several interests of the parties, and their report was confirmed. The mortgages involved in this suit were subsequently executed to appellees.

Appellants contend for a reversal of the decree upon the ground that, under the will, they took a contingent remainder in the real estate, which was not subject to partition, and for that reason the court was without jurisdiction to render a decree dividing the land in kind. In other words, they collaterally attacked the decree of partition as being void. The correctness of their attack must depend upon the construction placed upon the provision of the will quoted above. The law favors the vesting of estates as early as possible. *Booe* v. *Vinson,* 104 Ark. 439; *McCarroll* v. *Falls,* 129 Ark. 295. In applying this doctrine, where a life estate was given to parents and to their children after their death, share and share alike, it was ruled by this court that the remainder vested as soon as the child was born and before the life tenant died. *Jenkins* v. *Packingtown Realty Company,* 167 Ark. 602. Also in the case of *Black* v. *Bailey,* 142 Ark. 260, this court ruled that the testator did not intend to create a contingent remainder in the appellants in that case in the lands he devised to them under a provision similar to the provision in the will in the instant case. The provision of the will in the Black case, *supra,* is as follows:

"Provided, that if any of my children should die before the expiration of the above trust, hereinbefore created, leaving issue, said issue shall only take the share that should go to my children if living."

This court said the language quoted was a mere declaration of the law of descent and distribution and not an expression of an intention to create a remainder interest in the grandchildren. We think the instant case is ruled by the Jenkins and Black cases, *supra,* and that the remainder estate vested in fee simple in Mrs. McKinney's children, subject to her life estate. In this view of the law, appellants had a mortgageable interest in the lands subject to partition when the decree dividing them in kind was rendered, hence the decree foreclosing the mortgages was correct, and must be affirmed.

It is so ordered.

McCULLOCH, C. J., (dissenting). If the language of the will which refers to the devolution of the remainder at the death of Mary M. McKinney, the life tenant, be given any effect at all, it clearly manifests the intention of the testatrix not to vest the remainder prior to the death of the life tenant, for the reason that, if the remainder became vested prior to that time, there was nothing left of the remainder to vest in the children of remainderman who might die previous to that time. In this case the life tenant, Mary B. McKinney, is still alive, and, if the mortgage deed of appellants effectually passed the title, then the conveyance may defeat the will of the testatrix if any of the appellants die prior to the death of the life tenant. The decision of the majority is, I think, in conflict with the great weight of authority on this subject. See the following cases cited on the brief of counsel: *Tate* v. *Tate,* 126 Tenn. 169; *Bates* v. *Gillett,* 132 Ill. 287; *Brownback* v. *Keister,* 220 Ill. 544; *Dohn* v. *Dohn,* 110 Ky. 884; *Ross* v. *Ware,* 131 Ky. 828; *Schaeffer* v. *Schaeffer,* 54 W. Va. 681; *Crapo* v. *Price,* 190 Mass. 317; *Hospital Trust Co.* v. *Harris,* 20 R. I. 408; *Rosengarten* v. *Ashton,* 228 Pa. 389; *Paget* v. *Melcher,* 156 N. Y.

399; *Straus* v. *Rost*, 67 Md. 465; *Whitesides* v. *Cooper*, 115 N. C. 570; *Darnell* v. *Barton*, 75 Ga. 377.

The majority rely upon our decisions in *Black* v. *Bailey*, 142 Ark. 201, and *Jenkins* v. *Packingtown Realty Co.*, 167 Ark. 602, but neither of those decisions has any bearing on the present case. In *Black* v. *Bailey* the question involved was whether or not the title passed to a trustee, for, if there was no title vested in the trustee, there was no remainder, and the title passed in the first instance to the *cestui que trust*. In other words, the effect of the decision was that, there being no prior estate created by the will, there could be no remainder, either vested or contingent. The language of the devise in *Jenkins* v. *Packingtown Realty Company* was essentially different from the language of the will now under consideration. In that case the remainder over was devised directly to the children of the life tenants without restriction or limitation.

My conclusion in the present case is that the remainder was contingent, and that appellants had no vested interest which could pass under the mortgage to appellees.

The majority has not discussed the effect of the partition decree, hence I shall not do so further than to say that the chancery court had no jurisdiction in a partition suit to defeat the will of the testatrix by rendering a decree of partition between the contingent remaindermen.