LAWRENCE *v.* LAWRENCE.

5-754                                            283 S. W. 2d 697

Opinion delivered November 7, 1955.

*Pat H. Mullis* and *Lloyd B. McCain,* for appellant.

*J. F. Wallace, Jr.,* for appellee.

PAUL WARD, Associate Justice.    This appeal calls for an interpretation of a portion of the will of Josiah W. Lawrence.    It was appellant's contention below that said will created a trust relationship, that trial court decreed otherwise, and this appeal is prosecuted for a reversal.    Josiah W. Lawrence, being the owner in fee of three lots in McGehee, Arkansas, of the value of approximately $10,000 [together with other real and personal property], executed his will on May 14, 1945 the material portions of which were as follows:

## "3rd"

"I direct that my wife or my executrix, hold my estate intac and that she hold, Sell or dispose of my property at her will, and the same shall be use for the Benefit of her and my two children, Charles D. and Jay D. Lawrence, and all her actions is hereby ratified and confirmed, and she is hereby authorized and empower to sell, or dispose of my estate in the same manner as if done by me during my life time, and her own signature shall convey all rights and titles held *my* me at my death.

### 4th

I further direct at the death of my executrix, that my estate, both real and personal, of whatever so kind, and wheresoever found, shall pass to my two said children, and unto their *airs* to *shear* alike between the two, and to theirs *shear* alike."

At the time of his death on November 28, 1946 Josiah W. Lawrence left surviving him his widow, Annie Lawrence, a son Charles D. Lawrence, and a son Jay D. Lawrence, single.    Charles D. Lawrence died on Jan-

uary 25, 1950 leaving his widow, appellant, but no children. On May 9, 1950 Annie Lawrence, for $1.00, other good and valuable considerations, and love and affection, executed a warranty deed to Jay D. Lawrence conveying the aforementioned three lots. Annie Lawrence died on April 15, 1952. The record contains a will, recorded in Book "D" at page 423 of Will Records in Desha County, executed by Charles D. Lawrence October 24, 1949 in which he gave all of his estate real and personal to his wife, the appellant.

This suit was instituted by appellant, the widow of Charles D. Lawrence, to cancel the aforementioned deed from Annie Lawrence to Jay D. Lawrence and to have the will of Josiah W. Lawrence so construed as to give her a one-half interest in the property mentioned, and for other relief.

The trial judge, in an exhaustive and able statement, concluded that the will of Josiah W. Lawrence created no trust relationship. We do not agree with the conclusion reached by the chancellor, but we do think he correctly stated the fundamental issue presented by this appeal when he stated: "The only question presented here is for a construction of this will with reference to the validity of the deed from Annie Lawrence to Jay D. Lawrence."

The cardinal rule for the interpretation of a will, announced many times in our decisions, is very well stated in *Jackson* v. *Robinson*, 195 Ark. 431, 112 S. W. 2d 417. This rule is that the intent of the testator should be ascertained and effect given to that intent. In this connection it was also stated that the testator's intent must be ascertained from the language expressed in the will after a consideration of all the provisions of the instrument rather than from any particular form of words. Where the question arises as to whether the will creates a trust relationship it is said that a liberal construction should be applied to effectuate that relationship. In 56 Am. Jur. (Trusts) page 36, § 18, it is stated: "Liberal construction, within bounds of purpose and natural and uncontaminated import, in view of the existence and

scope of the trust, is the rule'' (citing cases). The same cited authority, § 17, says: ''In construction of a trust instrument the expressed intent will not be varied under the guise of correction because the trustor misapprehended its legal effect. The trustor is presumed to know the law.'' It is said in Restatement of the Law (Trusts) page 72, § 23, that: ''No particular form of words or conduct is necessary for the manifestation of the intent to create a trust.'' In the ''illustrations'' given at page 74, that the words ''for the use of B'' or ''for the benefit of B'' are sufficient to denote a trust.

Measured by the announced rules, a careful consideration of that portion of Josiah W. Lawrence's will set forth above forces us to the conclusion that the will did not convey to Annie Lawrence a fee simple title to the described property, but that a trust relationship was created under which she held the property for the use and benefit of herself and the two sons.

To our minds the plain unambiguous wording of the will is susceptible to no other reasonable interpretation. Some of the wording is: ''and the same,'' speaking of the testator's estate, ''shall be used for the benefit of her [Annie Lawrence] and my two children.'' And in the 4th paragraph the testator directed that at her death his estate should ''pass to my two said children . . .''

All the above language is repugnant to the testator's intent to give his wife a fee simple title.

There is other language in the will which appellee relies on to show a different intent of the testator—an intent to give his wife a fee. Some of such language relied on is: ''and she (the wife) is hereby authorized and empower to sell or dispose of my estate,'' etc., but this language, we think, is not all inconsistent with our stated view. In the first place the language might be said to be inconsistent with appellee's view because, if in fact the wife was given a fee, the language was unnecessary, as stated in *Owen* v. *Dumas,* 200 Ark. 601, 140 S. W. 2d 101. If the wife received a fee she, of course, had full power

to sell anyway. In the second place the language in the will giving the wife the power to sell, is the language necessary and usual where a trust is created with power in the trustee to sell for the benefit of others. In the third place the will states, in the first three lines of paragraph ''3rd,'' that ''she hold, sell or dispose'' of the property ''and the same shall be used for the benefit'' of her and her two sons.

Consequently we conclude that Annie Lawrence could only dispose of the property for the purpose expressed in the will, and, further, that the deed she made to her son Jay D. Lawrence on May 9, 1950 was not for such a purpose. In fact it is not contended said deed was made for any such purpose—no testimony being introduced. In the *Owen* case, *supra,* it was said: ''In the case at bar, the power to dispose of the property is expressly limited to certain purposes, and the widow could not dispose of the property for any other purpose than those mentioned in the will.''

Having construed the will to impose a trust upon the widow, it follows that she only had (not more than) a life estate in the property in litigation, and that the fee in the property went to the two children. The facts and issues in this case are similar to those considered in *Patty* v. *Goolsby,* 51 Ark. 61, 9 S. W. 846, where we said: ''As to the construction of the will we see no difficulty whatever. The testator has given, and no doubt intended to give to his wife Elizabeth, a life estate in both his personal and real property or his whole estate. It is equally clear that he gave and intended to give the remainder in fee to his children.'' In speaking of the interest which the children received the court said: ''It was therefore not a contingent but vested remainder— vested at the same time the life estate vested.''

It follows that Charles D. Lawrence during his lifetime had a vested interest in the property in litigation, which was such an interest as he could convey by will to his wife.

Since no testimony was taken before the trial court it appears likely that there will be further litigation relative to certain issues raised in the pleadings, therefore the cause is reversed and remanded for further proceedings not inconsistent with this opinion.

Justice McFADDIN dissents.