HARGETT v. HARGETT.

5-1038                                    295 S. W. 2d 307

Opinion delivered November 12, 1956.

*Claude F. Cooper* and *Frank C. Douglas,* for appellant.

*Taylor & Sudbury,* for appellee.

LEE SEAMSTER, Chief Justice. This is an appeal by appellant from a decree of the Mississippi Chancery Court, Chickasawba District, which held that "under the said Will of Joseph C. Hargett the said John G. Hargett took a vested remainder in the real property of the said Joseph C. Hargett and not a contingent remainder, as contended by Intervenor; the Court further finds that under said Will of John G. Hargett this vested remainder of John G. Hargett in the real property of Joseph C. Hargett was devised to respondent (appellee) Beulah Joan Hargett." Intervention of Jesse John Hargett, appellant herein, was dismissed.

The parties stipulated that the sole question before the Court was a question of law, whether John G. Hargett acquired a vested remainder or a contingent remainder in the lands in question, under the will of Joseph C. Hargett.

The pertinent parts of Joseph C. Hargett's will are as follows:

"Fourth: To my beloved wife Ellen McKewon Hargett I will during her lifetime all my real and personal property wherever found or situated that I may own at the time of my death. I believe in the future of land value in Mississippi County and it is the purpose of this will that neither my wife nor my executrix above named dispose of any of my real estate that I die seized or possessed of during the life of my wife Ellen McKewon Hargett. I desire that my wife have the proceeds of said real estate, that she use the same as a home, that she keep up and have paid the yearly payments to the Federal Land Bank and all taxes against said land and that she have, for her own use and enjoyment, the balance of the proceeds of said land.  *  *  *

"It is further provided that at the death of my wife Ellen McKewon Hargett that the estate then remaining shall be divided between all my children in the manner provided by law, but it is the intention of this Will that none of my children nor their heirs, to-wit: Willie Hargett who died leaving Bessie Hargett and J. L. Hargett, Jack Hargett, John Hargett, Beatrice Hargett, Lorene Hargett and Belva Hargett, have none of my estate until the death of my said wife, Ellen McKewon Hargett,  *  *  *  ."

The appellant, Jesse John Hargett, is a son of John G. Hargett, deceased, who in turn was one of the children of Joseph C. Hargett, deceased. John G. Hargett's death occurred prior to the death of his mother, Ellen McKewon Hargett.

John G. Hargett's last Will and Testament is as follows:

"Know all men by these presents:

"That I, John G. Hargett of Blytheville, Arkansas being of sound and disposing mind and memory and being above the age of twenty-one (21) years do make and publish this my Last Will and Testament hereby revoking all wills by me heretofore made.

"First: I direct that all my just debts and that the legacies hereinafter mentioned be paid out of my estate.

"Second: To my children Jesse John Hargett and Frances Charlene Maynard, I give nothing.

"Third: To my wife, Beulah Joan Hargett, I give all my property, real and personal.

"Fourth: I constitute and appoint my wife, Beulah Joan Hargett sole Executrix of this my will.

"In witness whereof, I have hereunto set my hand this the 12th day of April, 1950 in the presence of F. E. Warren and R. L. Banister who attest the same at my request."

It is appellant's contention that Joseph C. Hargett intended that none of his heirs should take a vested interest in his property at the time of his death, but rather that the heirs should take a contingent interest until the death of his wife, Ellen McKewon Hargett, then the property would go to the living children and to the children of any deceased child at the time of the death of his wife. Therefore, John G. Hargett died before his mother, and at the time of his death he had no vested interest in the estate of his father which he could give to his wife (appellee) by Will.

The question of what determines a vested or contingent remainder has been determined by this Court in many cases. In the case of *Lawrence* v. *Lawrence,* 225 Ark. 500, 283 S. W. 2d 697, the will provided that "I further direct at the death of my wife that my estate shall pass to my two said children * * * ." The Court held that this language created a vested remainder in the two children. Other cases, in which this Court has held that language in a will similar to the one at bar created a vested remainder are, *McCarroll* v. *Falls,* 129 Ark. 245, 195 S. W. 387; *Black* v. *Bailey,* 142 Ark. 201, 218 S. W. 210; *McKinney* v. *Dillard and Coffin Co.,* 170 Ark. 1181, 283 S. W. 16; *Greer* v. *Parker,* 209 Ark. 553, 191 S. W. 2d 584; and *Timmons* v. *Clayton,* 222 Ark. 327, 259 S. W. 2d 501.

The rule is that an estate will vest at the death of the Testator unless a later time of vesting is clearly expressed by the words of the Will or by necessary implication therefrom. The law favors the vesting of estates as early as possible. *Booe* v. *Vinson,* 104 Ark. 439, 149 S. W. 524; *McCarroll* v. *Falls, supra.*

In the case of *Wallace* v. *Wallace,* 179 Ark. 30, 13 S. W. 2d 810, this Court discussed at length the distinction between a vested remainder and a contingent remainder. We said: "There are two kinds of remainders, vested and contingent. Blackstone defines them as follows: 'Vested remainders (or remainders executed, whereby a present interest passes to the party, though to be enjoyed in the future) are where the estate is invariably fixed, to remain to a determinate person after the particular estate is spent. * * * Contingent or executory remainders (whereby no present interest passes) are where the estate in remainder is limited to take effect, either to a dubious and uncertain person, or upon a dubious and uncertain event.' 2 Bl. Com. 168."

The language contained in Joseph C. Hargett's will merely stated the law as to the rights of life tenants and remaindermen. The will in this case stated how the life tenant was to enjoy the property, and also that the remaindermen were to have none of the property until the death of the life tenant.

A remainder is vested when it is limited to an ascertained person or persons, with no further condition upon the taking effect in possession, than the termination of the prior estate. See 33 Am. Jur., p. 525.

The remaindermen interest, in this case, was ready to take effect immediately upon the death of the life tenant. The designation of the remaindermen was definite and certain. The will of Joseph C. Hargett created a vested remainder interest in the persons named as remaindermen in his will.

John G. Hargett was one of the remaindermen named in the will of his father. Upon the death of his father his interest was vested and he had a right to

dispose of his interest as he saw fit. Under the will of John G. Hargett, this vested interest was devised to his wife, Beulah Joan Hargett.

Decree affirmed.