GIBSON *v.* LOWRY.

5-2733                                          357 S. W. 2d 531

Opinion delivered May 28, 1962.

O. E. Gates, DuVal L. Purkins and D. A. Bradham, for appellant.

J. F. Wallace, Jr., and Gerland P. Patten, for appellee.

JIM JOHNSON, Associate Justice. This appeal is prosecuted by the Heirs of Annie Cherry seeking to reverse an order of the Desha Circuit Court dismissing their suit in ejectment against a devisee in possession.

A jury was waived and the facts were stipulated.

The subject matter of this action is a farm in Desha County, acquired by Charles S. Thomas by a warranty deed dated February 17, 1947, upon which he resided with his wife, until she departed this life, leaving him alone. In the course of time his mother, Annie Cherry, and J. H. Cherry, her husband, and his step-father, moved into the home and the three lived as members of the family. During that time, on March 25, 1955, Charles S. Thomas made his Last Will and Testament, which is the basis of the title upon which both appellants and appellees rely for relief.

The paragraph of the Will pertinent to this controversy is as follows:

"Third: I devise, give and bequeath unto my mother, Mrs. Annie Cherry and to my step-father, J. H. Cherry, jointly, share and share alike, or to the survivor of them, the possession, rents, benefits and profits from my farm, being my home place situated about six miles South of McGehee, on Old U. S. Highway No. 65, in Desha County, Arkansas, during the natural lifetime of them, or the survivor of them, *and at the death of both*

*of said beneficiaries, I direct the said farm be vested, absolutely in fee simple in my brother, George E. Thomas."* (Emphasis ours.)

J. H. Cherry predeceased Charles S. Thomas and Charles and his mother continued to occupy the residence as a family until November 22, 1957, when Charles S. Thomas departed this life, leaving his mother, Annie Cherry, residing in the home . She continued to reside in the home until on June 22, 1959, when she departed this life. Following the death of Charles, but one month prior to the death of Annie Cherry, George S. Thomas, remainder-man in the Charles S. Thomas Will, departed this life on May 22, 1959.

George died testate, survived by his wife, Mabel C. Thomas, who was sole beneficiary under his Last Will and Testament, executed July 5, 1958, which specifically devised to his widow his "remainder interest in farm land". Upon the death of Annie Cherry, Mabel C. Thomas, surviving spouse of George E. Thomas, moved into possession of the land here in question, where she remained until her death testate April 1, 1960. Being without children, Mabel C. Thomas, by her Last Will and Testament, executed on the 10th day of July, 1959, devised all of her land to her nephew, appellee, Autus T. Lowry, who is now in possession of the property.

From these and other stipulated facts the trial court, sitting as a jury, found that upon the death of Charles S. Thomas on November 22, 1957, George E. Thomas acquired a vested interest in the land and had the right to dispose of his interest as he saw fit.

For reversal appellants forcefully contend "that Charles S. Thomas by his Will vested a life estate in his farm in his mother, Annie Cherry, subject to a remainder estate to George E. Thomas, his brother, contingent upon the condition precedent that he survive Annie Cherry, his mother, which he did not do, and, so, at the death of George E. Thomas, his contingent interest or estate ceased to exist and the fee title passed by operation of the laws of descent and distribution to Annie Cherry."

A remainder is vested when it is limited to an ascertained person or persons, with no further condition upon the taking effect in possession, than the termination of the prior estate. See 33 Am. Jr. 525, Varn Anno. Supplement to Jones Ark. Titles, § 222, P. 146. An indefeasibly vested remainder is not precluded from creation "by the fact that the remainder is, in specific words, limited to the properly identified person "on", "upon", "at" or "after" the death of a person having a prior interest for life, or "when" such a person dies. Language of this type indicates the postponement of enjoyment implicit in all indefeasibly vested remainders and injects no additional element of uncertainty." Restatement, Property—Future Interest § 157.

Here the interest given to George C. Thomas vested at the same instant and by the same grant as the life estate to Annie Cherry, and although his right to the enjoyment of the possession of this interest was postponed until the termination of the life estate, still this right, upon the termination of the prior particular estate, was presently fixed, and was in no wise dependent upon the happening of any event. *McCarroll* v. *Falls*, 129 Ark. 245, 195 S. W. 387. Therefore, since the remainderman interest, in this case, was ready to take effect immediately upon the death of the life tenant, and the designation of the remainderman being definite and certain, we cannot say that the trial court erred in finding that the Will of Charles S. Thomas created a vested remainder interest in his brother, George E. Thomas. *Hargett* v. *Hargett*, 226 Ark. 929, 295 S. W. 2d 307.

Affirmed.