BLAIR v. BRADLEY, ADM'X.

5-3282                                        379 S. W. 2d 5

Opinion delivered May 25, 1964.

John B. Driver, for appellant.

N. J. Henley, for appellee.

PAUL WARD, Associate Justice. The decisive question is: under the facts of this case when does property disposed of by will vest in the devisee?

Prior to 1925 Sam M. McDaniel (a widower) died intestate seized of 329 acres of land. He was survived by one daughter and three sons: Ida Bell (McDaniel) Blair, G. B. McDaniel, H. A. McDaniel, and W. M. McDaniel. Shortly after her father's death Ida Bell deeded all her interest in said lands to her three brothers. Later G. B. and H. A. acquired other real property.

In 1953 G. B. and H. A. each made a will leaving all their property to W. M. In 1960 G. B. (a widower) died without issue and H. A. (who was never married) died in 1961. W. M. died intestate December 22, 1962, leaving a daughter, Grace McDaniel Bradley, and a grandson, Donald McDaniel. On January 5, 1963, Grace was appointed administratrix of her father's estate.

Ida Bell died June 13, 1963, and the following month her heirs (appellants herein) intervened in the administration proceedings, claiming they owned (as heirs of their mother) one half of the estates of G. B. and H. A. Thereupon, on October 1, 1963, Grace Bradley filed for probate the wills of G. B. and H. A. These wills, admitted to probate without objections, devised everything they owned to W. M. Both sides requested the court to construe the wills and to determine the interest of each party.

The trial court dismissed the intervention of appellants and gave all the property of G. B., H. A. and W. M. to appellees, Grace and Donald, share and share alike.

Appellants very ably contend that, since G. B. and H. A. died more than a year before W. M. died and since W. M., during his lifetime, failed to offer their wills for probate the devises lapsed and that therefore they (as the only heirs of Ida Bell) were entitled to one half of the estates of G. B. and H. A. We find no authority to support appellants' argument. On the other hand, as we view the authorities, the devises (in the wills of G. B.

and H. A.) took effect at the time of the death of each of the testators. That rule would invest W. M. with the two estates during his lifetime, which would accordingly pass to his heirs under the laws of descent and distribution.

What appears to be the generally accepted rule is well and concisely stated in 96 C. J. S. *Wills* § 1099 (Time of vesting):

"Generally, title to real property passes to, and vests in, the devisees immediately on the testator's death and not at the probate of the will, at least where the will does not postpone the vesting of title."

It is not contended of course that the wills of G. B. and H. A. postponed the vesting of title. The text cites numerous cases from more than 25 states in support of the rule set out above. See particularly: *Noble et al* v. *Beach et al,* 21 C. 2d 91, 130 P. 2d 426, 428; *Stewart* v. *Morris et al,* 313 Ky. 424, 231 S. W. 2d 70, 71; and *Martin et al* v. *Hale et al,* 167 Tenn. 438, 71 S. W. 2d 211, 212.

In the case of *Booe* v. *Vinson,* 104 Ark. 439, 448, 149 S. W. 524, there appears this statement:

"It is also a well established principle that the law favors the vesting of estates, and, in the absence of a contrary intention of the testator appearing from the will, the estate will vest at the time of his death . . ."

The above rule has been consistently followed by this Court. See *McCarroll* v. *Falls,* 129 Ark. 245, 195 S. W. 387; *McKinney* v. *Dillard & Coffin Company,* 170 Ark. 1181, 283 S. W. 16; *Doake* v. *Taylor,* 195 Ark. 490, 112 S. W. 2d 958, and *Hargett* v. *Hargett,* 226 Ark. 929, 295 S. W. 2d 307.

Here the wills of G. B. and H. A. were probated well within the time (5 years) allowed by Ark. Stat. Ann. § 62-2125 (Supp. 1963).

There can be no doubt that the lands passed directly to the heirs (Grace and Donald) of W. M. upon his death since it appears there was no widow and no debts. See *Dean* v. *Brown,* 216 Ark. 761, 227 S. W. 2d 623.

Affirmed.