GRIFFIN *v.* MOON.

5-3347                                              384 S. W. 2d 243

Opinion delivered November 23, 1964.

*Smith, Sanderson, Stroud & McClerkin,* for appellant.

*Lowe, Moore & Webber,* for appellee.

FRANK HOLT, Associate Justice. This case requires the interpretation of a will. The appellees instituted an action against the appellants seeking specific performance of their written agreement to purchase certain realty. The appellants' refusal to purchase was based upon their assertion that appellees did not have a merchantable title because of the ambiguous terms in a will devising the property to the appellees. The chancellor decreed specific performance of appellants' contract to purchase the lands. On appeal appellants' sole contention is that the trial court erred in finding that appellees' title to the land in question is marketable.

The appellants argue that the correctness of the decision of the chancellor depends upon the construction of a portion of the will which reads as follows:

"I give all the residue of my estate comprising a farm of twenty-four (24) acres and one lot, where I now reside, in Miller County, State of Arkansas, after fulfilling the foregoing legacies, to my wife, with the remainder thereof on her decease or marriage, to my said children and their children, respectively, share and share alike."

The testator was survived only by his widow, Maggie J. Moon, and his four sons, Ivor, Erbert, Loy and Fred Moon. These parties and the wives of the four sons are the appellees. The testator's widow is living and has never remarried. Each of his sons now has children, however, his sons had no children when the testator died. The appellants reject the title as unmarketable upon the

contention that the remainder interest does not finally vest in the testator's children until the death or remarriage of the life tenant, the testator's widow. Further, that the testator's grandchildren, born and unborn, eventually would be entitled to an interest as remaindermen. We do not agree with the appellants and find no merit in either contention.

The real issue to be determined is whether the testator's four sons, the appellees, took a vested or contingent remainder upon the death of their father. If they took a vested remainder, then they can join with their mother, the life tenant, and convey a merchantable title; if they took only a contingent remainder, then they cannot. *Greer v. Parker*, 209 Ark. 553, 191 S. W. 2d 584. We are of the view that the questioned provisions of the will created a vested remainder in the testator's sons upon his death.

In the early case of *Booe v. Vinson*, 104 Ark. 439, 149 S. W. 524, we said:

"It is also a well established principle that the law favors the vesting of estates, and, in the absence of a contrary intention of the testator appearing from the will, the estate will vest at the time of his death; and, if a will is susceptible of a dual construction, by one of which the estate becomes vested and by the other it remains contingent, the construction which vests the estate will be adopted."

In *McKinney v. Dillard & Coffin Co.*, 170 Ark. 1181, 283 S. W. 16, the devise involved principles applicable to the case at bar. In that case the father devised realty to his daughter for her natural life and at her death the lands were devised to her children in equal portions and if at the time of her death "any of her children be dead, leaving children, then such child or children is to have the same interest in said lands that said parent would have had, if alive." In that case we held that the remainder vested in the daughter's children as soon as born and before the death of the daughter. Further, that such vested interest, upon partition of the lands by the con-

sent of the life tenant and vested remaindermen, was subject to a valid and enforceable mortgage. See, also, *Jenkins* v. *Packington Realty Co.*, 167 Ark. 602, 268 S. W. 620, and *Black* v. *Bailey*, 142 Ark. 201, 218 S. W. 210.

In the very recent case of *Gibson* v. *Lowry*, 235 Ark. 234, 357 S. W. 2d 531, we held that where a will gave a life estate to the testator's mother and stepfather and provided that at their death the farm should vest absolutely in the testator's brother, a vested remainder and not a contingent remainder was created in the brother. There we said that the interest vested "at the same instant and by the same grant as the life estate" and that although "the enjoyment of the possession of this interest was postponed until the termination of the life estate, still this right, * * * was presently fixed, and was in no wise dependent upon the happening of any event. *McCarroll* v. *Falls*, 129 Ark. 245, 195 S. W. 387."

Thus, in the case at bar, appellants' contention that under the terms of the will the remainder is not vested in the testator's four sons until the death or remarriage of the life tenant is without merit. We hold that the testator's four sons now have a vested remainder and it is not subject to the happening of any future event. Their remainder interest vested at the same time that the life estate vested. See, also, *Landers* v. *People's Building & Loan Assn.*, 190 Ark. 1072, 81 S. W. 2d 917, and *Steele* v. *Robinson*, 221 Ark. 58, 251 S. W. 2d 1001.

It is well settled that where both the life tenant and vested remaindermen join in a deed the entire estate in fee is passed to the grantee. Therefore, it follows that in the case at bar a deed by the appellees conveys a merchantable title.

The decree of the chancellor ordering specific performance of the contract is affirmed.