Cite as 2023 Ark. App. 517

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-551

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF EDWARD CHRISTIAN REINKOESTER, DECEASED | Opinion Delivered November 8, 2023 |
| JAMES BENNETT REINKOESTER<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26PR-21-170] |
| | HONORABLE CECILIA DYER, JUDGE |
| V. | |
| STEPHANIE REINKOESTER<br>APPELLEE | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

James Bennett Reinkoester appeals the Garland County Circuit Court's order authorizing distribution of his father's estate. He argues that the circuit court erred as a matter of law because the distribution was directly contrary to the language in his father's will. We affirm.

The facts are undisputed. Edward Christian Reinkoester (Edward Sr.) passed away on November 6, 2020, leaving a last will and testament (Will) dated August 8, 2001. His Will provided in pertinent part as follows:

> B. In the event that my wife should predecease me, then and in that event, I give, devise and bequeath the rest, residue and remainder of my estate to my children, EDWARD C. REINKOESTER, III, JAMES BENNETT REINKOESTER and WARD WHITNEY REINKOESTER.

C. I have intentionally omitted making provision for any potential heirs not specifically mentioned herein, and I generally and specifically disinherit all persons claiming to be, or who may be determined lawfully to be, my heirs at law, except such as are mentioned specifically in this Will.

Edward Sr.'s wife did predecease him. He was survived by his three sons: Edward C. Reinkoester III (Edward Jr.); Ward Whitney Reinkoester, and James. Edward Sr.'s three sons inherited an equal share under the terms of the Will.

On March 26, 2021, Edward Jr. was appointed by the circuit court to serve as personal representative of Edward Sr.'s estate. On September 5, 2021, however, Edward Jr. died, and on September 10, James was appointed to replace Edward Jr. as the personal representative. On November 18, James filed a petition for final distribution of Edward Sr.'s estate. He asked the court to distribute one-third of Edward Sr.'s property to him, one-third to Ward, and one-third to James "as Administrator of the . . . Estate of [Edward Jr.]." The court entered an order the same day distributing the property in the manner requested, stating that the distribution "is in compliance with the terms of the decedent's Last Will and Testament and applicable law."

On November 20, Edward Jr.'s daughter, Stephanie Reinkoester, was appointed administratrix of Edward Jr.'s estate, and the court issued letters of administration to Stephanie on December 1. On December 8, Stephanie filed a demand for notice of probate in Edward Sr.'s estate, alleging that she was an interested party of the estate and was the duly appointed and acting administratrix of Edward Jr.'s estate.

On March 2, 2022, Stephanie, as administratrix of Edward Jr.'s estate, filed a petition for amended distribution in Edward Sr.'s estate alleging that (1) Edward Jr. survived his father; (2) James filed the petition for final distribution in Edward Sr.'s estate claiming to be the administrator of Edward Jr.'s estate and thus entitled to receive his share of Edward Sr.'s estate; (3) at the time James filed the petition, he had not been appointed administrator of Edward Jr.'s estate and had no authority to act on his behalf; (4) James knew the allegations in his petition were false but filed the petition "in an effort to induce the Court to sign an Order authorizing distribution of his brother's share of this estate to him"; (5) Stephanie, as administratrix of Edward Jr.'s estate, attempted unsuccessfully to resolve the matter amicably by the filing of an amended petition reflecting proper distribution of Edward Jr.'s share; and (6) she, as administratrix, is entitled to receive Edward Jr.'s share of the estate for the benefit of Edward Jr.'s heirs at law. She asked the court for an order amending the order of final distribution, for sanctions against James for his failure to discharge his fiduciary duties and for knowingly perpetrating a fraud on the court, and for attorney's fees.

James responded to Stephanie's petition, admitting that he had not been appointed administrator of Edward Jr.'s estate but claiming that he had "intended to petition to be appointed personal representative." He alleged that he had made no distributions pursuant to the order. He also admitted that Stephanie had attempted to resolve the matter amicably but stated that he was "of the belief" that Edward Jr.'s heirs are not entitled to a share of Edward Sr.'s estate under the terms of the Will.

The court held a hearing on May 2, 2022, at which both Stephanie and James testified. Stephanie entered certified copies of Edward Jr.'s death certificate, the order appointing her administratrix of his estate, and the letters of administration. James admitted at the hearing that Edward Jr. survived his father, but James argued that article III, section C of the Will precluded Edward Jr.'s estate from inheriting.

On May 10, the circuit court entered an order finding that James perpetrated a fraud on the court by submitting a petition for final distribution alleging that he was the administrator of Edward Jr.'s estate knowing that he was not the estate's legally appointed administrator. The court granted Stephanie's petition and amended the property distribution to disburse one-third of Edward Sr.'s property to James, one-third to Ward, and one-third to "Stephanie Reinkoester as Administratrix of the Estate of Edward [Jr.]." Finally, the court sanctioned James $500 for his fraudulent actions and ordered him to pay $500 in attorney's fees and costs to Stephanie. James filed this appeal from the court's order.

James's only argument on appeal is that the circuit court's distribution is directly contrary to the language of the Will. Specifically, he contends that the following provisions of the Will permit only James, Edward Jr., and Ward to inherit:

> B. In the event that my wife should predecease me, then and in that event, I give, devise and bequeath the rest, residue and remainder of my estate to my children, EDWARD C. REINKOESTER, III, JAMES BENNETT REINKOESTER and WARD WHITNEY REINKOESTER.

> C. I have intentionally omitted making provision for any potential heirs not specifically mentioned herein, and I generally and specifically disinherit all persons claiming to be, or who may be determined lawfully to be, my heirs at law, except such as are mentioned specifically in this Will.

He argues that section C clearly and unambiguously disinherits any other heirs not specifically mentioned in section B, including Edward Jr.'s heirs.

James is correct that only he, Edward Jr., and Ward inherited under the Will. All three were alive when Edward Sr. died, and all three inherited an equal share of his estate at his death. Edward Jr. died ten months *after he inherited* a one-third share of his father's estate. Section C has no relevance here. Devises of an estate vest at the death of the testator unless a later time of vesting is clearly expressed by the words of the will or by necessary implication therefrom. *Hargett v. Hargett*, 226 Ark. 929, 932, 295 S.W.2d 307, 309 (1956); *see also Blair v. Bradley*, 238 Ark. 191, 379 S.W.2d 5 (1964). There is no language in the Will stating or even suggesting that the devises under the Will vest at any time other than the date of death. The language of section C does not change the date of vesting. The law favors the vesting of estates as early as possible, and if a will is capable of a dual construction—by one of which the estate becomes vested and by another it remains contingent—the former will be adopted. *Walt v. Bevis*, 242 Ark. 644, 653, 414 S.W.2d 863, 869 (1967).

James also argues that the language in section C is sufficient to disinherit Edward Jr.'s heirs under the pretermitted-child statute. Ark. Code Ann. § 28-39-407(b) (Repl. 2012). However, James did not mention this statute in any of his pleadings or at the hearing, and the statute is not mentioned in the circuit court's order. James argues in his appeal brief that "it is inferred" from the circuit court's order that the court relied on the pretermitted-child statute. We see no such inference, and James failed to preserve the issue. Issues not raised or

ruled on in the circuit court will not be considered for the first time on appeal. *Holliman v. Johnson*, 2016 Ark. App. 39, at 8, 480 S.W.3d 903, 908. Accordingly, we affirm.

Affirmed.

MURPHY and BROWN, JJ., agree.

*McMullan & Brown*, by: *Amy Clemmons Brown*, for appellant.

*Schnipper, Britton & Stobaugh*, by: *Beau Britton*, for appellee.